82,832-01

# POST CONVICTION WRIT OF HABEAS CORPUS

## (ARTICLE 11.07, V.A.C.C.P.)

## CAUSE NO. 2009-385-C2A

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 06 2015

Abel Acosta, Clerk

### EX PARTE:

### BOBBY JOE BUCKNER, APPLICANT

### ADDRESS:

MR. BOBBY JOE BUCKNER
TDCJ-ID #01740805
ESTELLE UNIT
264 FM 3478
HUNTSVILLE, TEXAS 77320

### FROM:

JON R. GIMBLE, DISTRICT CLERK
McLENNAN COUNTY COURTHOUSE
P.O. BOX 2451
WACO, TEXAS 76703

### JUDGE MATT JOHNSON, PRESIDING

### IN THE DISTRICT COURT

### 54TH JUDICIAL DISTRICT

### McLENNAN COUNTY, TEXAS

### ATTORNEY FOR PETITIONER:

### PRO SE

### ATTORNEY FOR THE STATE:

ABEL REYNA, DISTRICT ATTORNEY
McLENNAN COUNTY COURTHOUSE ANNEX
WACO, TEXAS 76701

| | | |
|---|---|---|
| Ex Parte | § | **Application for** |
| | § | **Writ of Habeas Corpus** |
| | § | **From** |
| | § | McLennan County, Texas |
| BOBBY JOE BUCKNER | § | 54TH District Court |

TRIAL COURT WRIT NO. 2009-385-C2A

# CLERK'S SUMMARY SHEET

**APPLICANT'S NAME:** . . . . . . . . . . . . . .
(As reflected on the Judgment)

**BOBBY JOE BUCKNER**

**OFFENSE:** . . . . . . . . . . . . . . . . . . . . . . . .
(As reflected on the Judgment)

**AGGRAVATED SEXUAL ASSAULT OF A CHILD**

**CAUSE NO.:** . . . . . . . . . . . . . . . . . . . . . .
(As reflected on the Judgment)

**2009-385-C2**

**PLEA:** . . . . . . . . . . . . . . . . . . . . . . . . . . .
(As reflected on the Judgment)

**NOT GUILTY**

**SENTENCE:** . . . . . . . . . . . . . . . . . . . . . . .
(As described on the Judgment)

**TIME: 50 YRS TDCJ**

**TRIAL DATE:** . . . . . . . . . . . . . . . . . . . . . .
(Date upon which sentence was imposed)

**JULY 15, 2011**

**JUDGE'S NAME:** . . . . . . . . . . . . . . . . . . .
(Judge Presiding at Trial)

**HON. GEORGE ALLEN**

**APPEAL NO.:** . . . . . . . . . . . . . . . . . . . . .
(If applicable)

**10-11-00277-CR**

**CITATION TO OPINION:** . . . . . . . . . . .
(If any)

**NONE**

**OTHER APPELLATE ACTIVITY:** . . .

**NONE**

**HEARING HELD:** . . . . . . . . . . . . . . . . . .
(Pertaining to the Application for Writ)

_____YES ___✓___NO

**FINDINGS & CONCLUSIONS FILED:**
(Pertaining to the Application for Writ)

___✓___YES _____NO

**RECOMMENDATION:** . . . . . . . . . . . . .
(Trial Court's recommendation regarding application)

____GRANT _✓_DENY___NONE

**JUDGE'S NAME:** . . . . . . . . . . . . . . . . . .
(Judge Presiding over Habeas Proceeding)

**HON. MATT JOHNSON**

CAUSE No. 2009-385-C2A

| | | |
|---|---|---|
| EX PARTE: | § | IN THE DISTRICT COURT |
| BOBBY JOE BUCKNER | § | 54th JUDICIAL DISTRICT |
| APPLICANT | § | McLENNAN COUNTY,TEXAS |

## INDEX

INDEX ................................................................. 1

COVER LETTER FROM DEFENDANT ........................................... 2

APPLICATION FOR A WRIT OF HABEAS CORPUS SEEKING RELIEF
FROM FINAL FELONY CONVICTION UNDER CODE OF CRIMINAL PROCEDURE,
ARTICLE 11.07 ........................................................ 4

CERTIFICATE OF SERVICE ............................................... 25

EMAIL RECEIPT FROM GABE PRICE ........................................ 26

EMAIL RECEIPT FROM STERLING HARMON ................................... 27

STATE'S ANSWER TO AN APPLICATION FOR WRIT OF HABEAS CORPUS ........... 28

DESIGNATION OF ISSUES ON AN APPLICATION FOR WRIT OF HABEAS CORPUS .... 31

COPY OF LETTER MAILED TO COURT OF CRIMINAL APPEALS WITH
CERTIFIED COPY OF DESIGNATION OF ISSUES .............................. 35

AFFIDAVIT OF E.ALAN BENNETT .......................................... 36

EMAIL RECEIPT FROM STERLING HARMON ................................... 38

EMAIL RECEIPT FROM GABE PRICE ........................................ 39

AFFIDAVIT OF JOHN DONAHUE ............................................ 40

EMAIL RECEIPT FROM GABE PRICE ........................................ 43

EMAIL RECEIPT FROM STERLING HARMON ................................... 44

FINDINGS OF FACT AND CONCLUSIONS OF LAW ON AN APPLICATION
FOR WRIT OF HABEAS CORPUS ............................................ 45

DOCKET SHEET ......................................................... 52

CLERK'S CERTIFICATE .................................................. 53

CERTIFIED COPIES FROM CRIMINAL CAUSE NO. 2009-385-C2 ................. 55

Date: 12 - 2 - 14

**Karen Matkin**
Mc Lennan County District Clerk
P.O. Box 2451
Waco, Texas 76703

ORIGINAL

2009-385-C2A

**Re:** *Ex parte Bobby Joe Buckner*; Case No. 2009-385-C2 (In the 54th Judicial District court of Mc Lennan County, Texas).

> Applicant Buckner's Original Application for Writ of Habeas Corpus

Dear Clerk:

Enclosed please find the original copy of Applicant Buckner's Original Application for Writ of Habeas Corpus, to be filed among the papers in the above-styled and numbered cause. Please bring this matter to the attention of the Court.

Please notify the Applicant at his address listed below of the date of filing and disposition of these proceedings.

Thank you for your kind attention to this matter.

Sincerely,

*Bobby J. Buckner*

**Bobby J. Buckner, Applicant, Pro se**
TDCJ#01740805
Estelle Unit
264 FM 3478
Huntsville, Texas 77320



Enclosure

Cc:     Mrs. Irvin

        File



1 6 0 0 0 3 6 4 1

2

Bobby Joe Buckner
TDCJ ID#1400005
Estelle Unit
264 FM 3478
Huntsville, TX 77320

LEGAL MAIL
Mailed 12-2-11

Renae Blake
McLennan County District Clerk
P.O. Box 2451
Waco, TX 76703



Case No. 2009-385-C2A

(The Clerk of the convicting court will fill this line in.)

FILED
5 Day of DEC. 2016
at 9:30 o'clock A M
KAREN C. MATKIN
DISTRICT CLERK
McLennan County, Texas
By _____ Deputy

## IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## APPLICATION FOR A WRIT OF HABEAS CORPUS
## SEEKING RELIEF FROM FINAL FELONY CONVICTION
## UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

### * EVIDENTIARY HEARING REQUESTED *

NAME: BOBBY JOE BUCKNER

DATE OF BIRTH: AUGUST 01, 1978

PLACE OF CONFINEMENT: ESTELLE UNIT, TDCJ-CID

TDCJ-CID NUMBER: #01740805       SID NUMBER: #05976553

(1)   This application concerns (check all that apply):

    ☒  a conviction     ☐  parole

    ☐  a sentence     ☐  mandatory supervision

    ☐  time credit     ☐  out-of-time appeal or petition for discretionary review

(2)   What district court entered the judgment of the conviction you want relief from? (Include the court number and county.)

    54TH JUDICIAL DISTRICT COURT OF MC LENNAN COUNTY, TEXAS

(3)   What was the case number in the trial court?

    CASE NO. 2009-385-C2

(4)   What was the name of the trial judge?

    HONORABLE GEORGE ALLEN

160004451

4

(5)  Were you represented by counsel?  If yes, provide the attorney's name:

MR. JOHN R. DONAHUE

(6)  What was the date that the judgment was entered?

JULY 07, 2015

(7)  For what offense were you convicted and what was the sentence?

AGGRAVATED SEXUAL ASSAULT OF A CHILD

(8)  If you were sentenced on more than one count of an indictment in the same court at the same time, what counts were you convicted of and what was the sentence in each count?

N/A

(9)  What was the plea you entered? (Check one.)

☐ guilty-open plea        ☐ guilty-plea bargain
☒ not guilty              ☐ *nolo contendere*/no contest

If you entered different pleas to counts in a multi-count indictment, please explain:
N/A

(10)  What kind of trial did you have?

☐ no jury                 ☐ jury for guilt and punishment
                          ☒ jury for guilt, judge for punishment

2

(11) Did you testify at trial? If yes, at what phase of the trial did you testify?

NO

(12) Did you appeal from the judgment of conviction?

☒ yes                    ☐ no

If you did appeal, answer the following questions:

(A) What court of appeals did you appeal to?     TENTH COURT OF APPEALS

(B) What was the case number?     10-11-00277-CR

(C) Were you represented by counsel on appeal? If yes, provide the attorney's name:

MR. EDWARD ALAN BENNETT

(D) What was the decision and the date of the decision?     AFF'D, JULY 11, 2013

(13) Did you file a petition for discretionary review in the Court of Criminal Appeals?

☒ yes                    ☐ no

If you did file a petition for discretionary review, answer the following questions:

(A) What was the case number?     PD-1056-13

(B) What was the decision and the date of the decision?     REFUSED, SEPT. 18, 2013

(14) Have you previously filed an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure challenging *this conviction*?

☐ yes                    ☒ no

If you answered yes, answer the following questions:

(A) What was the Court of Criminal Appeals' writ number?     N/A

(B)  What was the decision and the date of the decision?   <u>N/A</u>

(C)  Please identify the reason that the current claims were not presented and could not have been presented on your previous application.

<u>N/A</u>

_____

_____

_____

(15)  Do you currently have any petition or appeal pending in any other state or federal court?

☐ yes                    ☒ no

If you answered yes, please provide the name of the court and the case number:

<u>N/A</u>

(16)  If you are presenting a claim for time credit, have you exhausted your administrative remedies by presenting your claim to the time credit resolution system of the Texas Department of Criminal Justice? (This requirement applies to any final felony conviction, including state jail felonies)

☐ yes        N/A        ☐ no

If you answered yes, answer the following questions:

(A)  What date did you present the claim?   <u>N/A</u>

(B)  Did you receive a decision and, if yes, what was the date of the decision?

<u>N/A</u>

If you answered no, please explain why you have not submitted your claim:

4

_____

_____

_____

_____

_____

(17)  Beginning on page 6, state *concisely* every legal ground for your claim that you are
      being unlawfully restrained, and then briefly summarize the facts supporting each
      ground. You must present each ground on the form application and a brief
      summary of the facts. *If your grounds and brief summary of the facts have not been
      presented on the form application, the Court will not consider your grounds.*
      If you have more than four grounds, use pages 14 and 15 of the form, which you
      may copy as many times as needed to give you a separate page for each ground, with
      each ground numbered in sequence. The recitation of the facts supporting each
      ground must be no longer than the two pages provided for the ground in the form.

      You may include with the form a memorandum of law if you want to present legal
      authorities, but the Court will *not* consider grounds for relief set out in a
      memorandum of law that were not raised on the form. The citations and argument
      must be in a memorandum that complies with Texas Rule of Appellate Procedure 73
      and does not exceed 15,000 words if computer-generated or 50 pages if not. If you
      are challenging the validity of your conviction, please include a summary of the facts
      pertaining to your offense and trial in your memorandum.

**GROUND ONE:**

APPLICANT CLAIMS HE IS ACTUALLY INNOCENT OF THE INSTANT OFFENSE OF AGGRAVATED SEXUAL ASSAULT OF A CHILD AND HIS FURTHER INCARCERATION OFFENDS FEDERAL DUE PROCESS.

**FACTS SUPPORTING GROUND ONE:**

In his first ground seeking habeas corpus relief, Applicant complain that his continued incarceration offends federal due process as he is actually innocent of committing the offense of aggravated sexual assault of a child. A review of all the relevant transcripts, clerks record and other reports shows that the mother of the complaining witness [hereinafter the Applicant will use the pseudonym "A.L.," in place of the complaining witnesses true name as she was a minor at the time of the trial and this is also how she is identified in the trial and appellate records], hereinafter "Sanya," and the grandmother, hereinafter, "Margaret," who was also the outcry witness in these proceedings all gave inconsistent[1] testimony at trial and prior thereto, which created a false impression in the minds of the jury, that first the mother of A.L., was not pursuing charges against him, so many years after the fact, but was jealous of the fact Applicant had left her for another woman and moved out-of-state and when he returned, spurned her in favor of yet another woman, providing the impetus for her to conspire with A.L. to get revenge by bring the instant false charge of aggravated sexual assault of A.L., as perp-patrated by the Applicant, resulting in him being sentenced to fifty years imprisonment. A.L. admitted during her testimony that Applicant allegedly pulled out his penis in front of her, she turned her head away and was unsure what, if anything, Applicant allegedly did with his penis after that (4 RR 54). Later in her testimony she changes it to allege he placed his penis in her vagina. (4 RR 59). At trial she wore elbow-length gloves supposedly to cover up scars from her mutilating herself by cutting, as she alleged, as a result of this incident. However, defense nor the State ever asked A.L. to remove gloves and show the jury and court her scars. Trial counsel was deficient and unprofessional in his representation of Applicant at trial and as a result, more than a mere probability exists that, but for his ineffectiveness, the outcome of the proceedings would have been different[2] Moreover, the trial court abused its discretion and denied Applicant due process and a fair trial by allowing the State to have two outcry witnesses, A.L.'s mother and grandmother, although A.L.'s mother testified she learned of the incident initially from A.".'s grandmother. Additionally, A.L.'s mother testified she never noticed anything out of the ordinary with A.L. physically at time alleged offense occurred,

---

[1] A.L. was eighteen (18) years old at the time of the trial, fifteen when first Appellate Opinion at by police and seven years old at the time of the alleged offense.

[2] Counsel's ineffectiveness discussed in detail in ground two, infra.

6

such as spotting or blood in her underwear. This must be viewed through the back drop of Applicant a grown man, allegedly vaginally raping a seven year old girl at the time of the incident, but there was no corroborating, physical evidence the rape ever occurred as alleged. After police became involved, the investigating officer never even interviewed Applicant before obtaining a warrant and arresting him. It should be noted that A.L. had an extensive mental illness history, both prior to and after the alleged rape and actually been committed to a psychiatric hospital.. (4 RR 69-70, 73). Another illogical fact allegation made by the State was the school A.L. attended at that time, had no record of Applicant picking her up from school (5 RR 71). Further, A.L.'s grandmother refused to allow a rape examination to be completed after she reported the outcry made to her by A.L. The court erred and abused its discretion by allowing Dr. Brock to testify about A.L.'s mother telling him about the alleged offense, after her mother, Margaret told her, which is hearsay upon hearsay, or double hearsay - outcry testimony is not "person-specific," but rather is "event specific." More than one outcry witness may be allowed if the victim was assaulted on more than one occasion. In this case, there was only one occasion alleged and the trial court failed to hold a hearing outside the presence of the jury to determine that the statements made by the victim are reliable, based on the time, content and circumstances of the statement, preju-dising the defense, especially in view of the inconsistent statements made by A.L. to Margaret as related to her mother. Counsel was ineffective in many instances as discussed infra, one of his most glaring mistakes was not to object to the fact A.L. was over the age of thirteen at the time of trial, wherein the relevant statute was enacted to only cover outcry statements made by a child while still twelve years old or younger at the time of trial. Here, because of the age of the victim at time of offense and time of outcry versus trial, the disparity by statute should have alleviated the need for any outcry witness testimony, which culminated in Applicant being denied due process and a fair trial. In summary, Applicant avers that his actual innocence claim is based upon numerous Constitutional deprivations that Applicant suffered throughout the course of the proceedings. It is obvious that the State in this instance utilized the outcry witness testimony in order to bolster A.L.'s credibility and for no other purpose. Based upon the constitutional deprivations contained in this record, Applicant would respectfully request that this Honorable Court sustain this ground for habeas corpus relief and order that a live evidentiary hearing be held to properly develop an otherwise, underdeveloped record. Applicant adopts and incorporates the remaining grounds presented in the instant writ application by reference for all purposes.

**GROUND TWO:**

APPLICANT COMPLAINS HE WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL

AT TRIAL IN VIOLATION OF THE SIXTH AMENDMENT.

**FACTS SUPPORTING GROUND TWO:**

Applicant complains that he was deprived of his constitutional right to the effective assistance of counsel at trial in violation of the Sixth Amendment as follows: (1) Counsel was ineffective for failing to object and enter a plea to jurisdiction after the State arraigned Applicant and failed to read the enhancements paragraphs contained within the charging instrument, thereby failing to provide Applicant with sufficient "notice" of what he had to defend himself against, resulting in Applicant initially at that point believing the enhancement paragraphs had been waived or abandoned by the State; (2) Counsel was ineffective for failing to object to prior conviction used for enhancement purposes not being available due to remoteness; (3) Counsel was ineffective for failing to object to an improper comment made by the prosecutor during voir dire, wherein she interjected her personal (not expert) opinion about how fast a females anus and vagina heal; (4) Counsel was ineffective for failing to object to the State using multiple outcry witnesses at trial without prior statutory notice being provided by the State. While counsel discussed the lack of notice during the proceedings, he failed to object to same and obtain an adverse ruling by the court, leaving nothing for direct review; (5) Counsel was ineffective for failing to secure a pretrial hearing concerning the multiple outcry witnesses the State had proposed and used at trial, prejudicing the defense; (6) Counsel was ineffective for failing to obtain pretrial hearing to explore the obvious bias that existed between Margaret, the grandmother from the day she met the Applicant and the mother, who was spurned by Applicant providing motive for both to coax A.L. into making this false accusation against applicant; (7) Counsel was deficient by failing to object to the admission of State's exhibits 5-16, which were inherently prejudicial photographs of the victim that were not age relevant and were more prejudicial to the defense than probative, which prejudiced the defense and deprived Applicant of a fair trial; (8) Counsel was ineffective for failing to secure a forensic psychologist as an expert witness for the defense to assist with the defense by providing rebuttal expert witness to State's expert witness testimony; (9) Counsel was ineffective, as well as the private investigator appointed to assist with the defense, as neither of them investigated St. Albans business records, i.e., the release logs for children picked up from school

8

by someone other than the parent and counsel failed to subpoena same to rebut A.L., Margaret and Sanyas' claims Applicant picked A.L. up from school on the date the alleged offense was to have occurred; (10) Most onerous of all, counsel was ineffective for failing to interview any of the witnesses who Applicant provide names for to testify on his behalf during the guilt/innocence or punishment phase of the trial as character witnesses who were available and willing to testify favorably on behalf of the Applicant, prejudicing the defense.

Accordingly, Applicant would respectfully request that this Honorable Court designate this as a previously uncontroverted issues requiring resolution and order trial counsel, John R. Donahue, to prepare and file an affidavit with the clerk of this Court responding to the allegations of ineffective assistance of counsel contained within the instant application seeking habeas corpus relief. Finally, after counsel responds, Applicant prays that the Court allow him thirty days after receiving his copy of said affidavit to file his rebuttal to same, as well as proposed Findings of Fact and Conclusions of law for the Court's consideration, before directing the clerk of the Court to transmit the writ application and supplemental records to the Court of Criminal Appeals for final disposition.

**GROUND THREE:**

APPLICANT COMPLAINS THAT HE WAS DENIED THE EFFECTIVE ASSISTANCE OF

COUNSEL ON HIS FIRST APPEAL OF RIGHT IN VIOLATION OF THE SIXTH AMENDMENT.

**FACTS SUPPORTING GROUND THREE:**

Applicant complains that his appeal attorney was ineffective in perfecting his appeal in violation

of the Sixth Amendment as follows: (1) Counsel on appeal was ineffective for failing to request

oral argument to assist the intermediate court of appeals in assessing and deciding the merits of

the issues presented in Appellant's Brief; (2) Counsel on appeal was ineffective for failing to pre-

sent the non-frivolous and preserved issue concerning A.L.'s testimony that she could not recall

Applicant placing his penis in her vagina during the time of the alleged sexual assault. Although

appellate counsel did make a factual insufficiency claim in Appellant's Brief in this regard, he failed

to also couch the claim under an abuse of discretion by the trial court allowing the jury to think that

this missing requisite element did not matter; (3) Appellate counsel was deficient for failing to

complain in Appellant's Brief that the State was allowed by the trial court to present multiple out-

cry witnesses in abrogation of the relevant statute and case law forbidding same.

Accordingly, Applicant would respectfully request that this Honorable Court sustain this

ground presented for habeas corpus relief, or in the alternative, designate this issue as being previously

10

uncontroverted by the parties and order Appellate Counsel, Mr. Edward A. Bennett, to prepare

and file an affidavit with the the clerk of the Court, responding to the allegations of ineffective assistance

provided by him as counsel of record on direct review contained within this writ application. Addi-

tionally, Applicant would respectfully request that the Court allow him thirty days after receipt of

Appellate Counsel's affidavit to provide his rebuttal to same and file proposed Findings of Fact and

Conclusions of Law in this regard for the Court's consideration, before directing the Clerk of this

Court to transmit the writ application and any supplemental record to the Court of Criminal Appeals

for final disposition.

11

14

**GROUND FOUR:**

APPLICANT COMPLAINS THAT THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION

DENYING HIM DUE COURSE OF LAW, DUE PROCESS OF LAW AND A FAIR TRIAL.

**FACTS SUPPORTING GROUND FOUR:**

The trial court erred and abused its discretion, denying Applicant due course of law, due process

of law and a fair trial as follows: (1) the trial court erred by denying Applicant's Motion for New Trial

after trial counsel obtained an affidavit from juror, Mr. Honea, who admitted to counsel in said

affidavit that he had withheld relevant and material information during the voir dire process to

select a jury in this case in not revealing he himself had been a victim of child abuse, which constitutes

perjury and juror misconduct. Had Applicant and his attorney been aware of these facts, they would

have asked the court to strike him for cause or if necessary, use a preemptive strike to eliminate

him from being seated to serve as a juror in this case. This affidavit was the basis for the request

for a new trial, which the trial court abused its discretion in overruling said motion and deprived

Applicant of his substantive rights; (2) the trial court erred and abused its discretion by failing to

rule on defense objection to the State's failure to provide the requisite notice concerning extraneous

offenses, as defense had previously requested such notice if the State intended on raising extraneous

bad acts or misconduct during the trial at bar and it is of no consequence that the district attorney

12

open file policy, as that does not satisfy the notice requirement; (3) the trial court erred and abused its

discretion by denying defense request for the addition of a lesser-included offense of indecency with

a child by contact, as evidence was adduced at trial that if Applicant was guilty of anything, he would

be guilty of one of the two lesser-included offenses to aggravated sexual assault of a child; (4) the

trial court abused its discretion by allowing Detective Bucher to show A.L.'s mother her previous

statement made to police over the objection of defense counsel, making it a "reported recollection"

versus a spontaneous recollection concerning her inconsistent statement regarding "pocket knife

testimony, wherein she previously stated to police she had never seen Applicant with the pocket knife

in question before being allowed to read her previous statement to police while on the stand, prejudicing

the defense and denying Applicant due process and a fair trial.

Accordingly, Applicant would respectfully request that this Honorable Court sustain this

ground seeking habeas corpus relief and recommend that the writ issue.

13

**GROUND: FIVE:**

APPLICANT COMPLAINS THAT A FATAL VARIANCE EXISTS BETWEEN THE CHARGING

INSTRUMENT AND THE EVIDENCE ADDUCED AT TRIAL.

**FACTS SUPPORTING GROUND: FIVE:**

Applicant complains that a fatal variance exists between the material allegations contained in the

charging instrument and evidence adduced at trial, to-wit: the indictment handed up by the Grand Jury

was based upon the amended version of the related penal code, instead of the penal code which existed

at the time of the alleged offense occurred. The law at that time allowed for "contact" to be alleged

as an element in addition to penetration alone, as the code stated at the time Applicant was indicted.

The State should only have been able to indict Applicant for the instant offense based upon the penal

enacted at the time of the offense and any amendments thereafter would be prohibited from being

applied retroactively based upon the saving clause and the ex post facto prohibition of the United

States Constitution.

Wherefore, Applicant respectfully requests that this Honorable Court sustain this ground

seeking habeas corpus relief and recommend that the writ issue accordingly.

14

**GROUND: SIX:**

APPLICANT COMPLAINS THAT HE WAS DENIED DUE PROCESS AND ILLEGALLY SENTENCED BASED ON A PRIOR CONVICTION, WHICH WAS TOO REMOTE TO TO BE AVAILABLE FOR ENHANCEMENT PURPOSES.

**FACTS SUPPORTING GROUND: SIX:**

Applicant complains that the State illegally used a prior conviction for enhancement purposes that was too remote to be used to enhance punishment in the instant offense. Specifically, Applicant avers that the charging instrument used by the State to prosecute him in this case alleged various prior convictions and in cause number W-98-CR-029, Applicant was convicted of committing occurred, according to the indictment, on or about December 02, 1998, which at the time Applicant was indicted in this cause was over ten years old with no intervening felony convictions, making it unavailable for enhancement purposes. Applicant pled "true" to the prior conviction, because it was true he had been convicted on the date alleged and in the corresponding cause number based on the erroneous advice of counsel, as Applicant, being a layman of the law was unfamiliar with the remoteness provisions of the Texas Code of Criminal procedure.

Wherefore, Applicant humbly requests that this Honorable Court sustain this ground for relief and recommend the writ issue.

14

**GROUND: SEVEN:**

APPLICANT COMPLAINS THAT THE SENIOR JUDGE ASSIGNED TO THIS CASE AS A VISITING JUDGE PRESIDED WITHOUT AN ORDER OF ASSIGMENT BEING INCLUDED IN THE RECORD, IN VIOLATION OF APPLICANT'S RIGHT TO DUE PROCESS.

**FACTS SUPPORTING GROUND: SEVEN:**

Applicant complains that at the time of his trial the presiding judge, stated on the record he been assigned as a "visiting judge" by assignment of the administrative judicial region where Applicant's case was tried. However, a search of the record before the Court will demonstrate no order of assignment is contained therein, legally authorizing the presiding judge in this case to preside over same, denying Applicant his right to due process and therefore, anything done by said judge should have no legal force or effect and the proceedings should be considered void abinitio. Additionally, Applicant complains that the judge who presided over his case had no current oath of office on file with the Secretary of State who maintains such records at the time he presided over the case at bar and no anti-bribery oath on file with the administrative judicial region who maintains these type of records by law, again depriving Applicant of due process, as well as due course of law. Accordingly Applicant respectfully requests this Honorable Court sustain this ground for relief and recommend the writ issue.

14

**GROUND: EIGHT:**

APPLICANT COMPLAINS THAT THE STATE PROSECUTOR WILFULLY ENGAGED

MISCONDUCT IN VIOLATION OF DUE COURSE AND DUE PROCESS OF LAW.

**FACTS SUPPORTING GROUND: EIGHT:**

Applicant complains that the State prosecutor at his trial wilfully engaged in misconduct

denying Applicant due course of law, due process of law and a fair trial by interjecting

her personal opinion as to how fast a female sex organ and/or anus will heal at a rapid rate

when she was not an expert able to render such an opinion and moreover, there were no

allegations of anal penetration made against this Applicant.

Accordingly, Applicant would respectfully request that this honorable Court sustain

this ground for relief and recommend that the writ issue.

14

**WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.**

## VERIFICATION

This application must be verified or it will be dismissed for non-compliance. For verification purposes, an applicant is a person filing the application on his or her own behalf. A petitioner is a person filing the application on behalf of an applicant, for example, an applicant's attorney. An inmate is a person who is in custody.

The inmate applicant must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public. If the inmate is represented by a licensed attorney, the attorney may sign the "Oath Before a Notary Public" as petitioner and then complete "Petitioner's Information." A non-inmate applicant must sign the "Oath Before a Notary Public" before a notary public unless he is represented by a licensed attorney, in which case the attorney may sign the verification as petitioner.

A non-inmate non-attorney petitioner must sign the "Oath Before a Notary Public" before a notary public and must also complete "Petitioner's Information." An inmate petitioner must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public and must also complete the appropriate "Petitioner's Information."

### OATH BEFORE A NOTARY PUBLIC

STATE OF TEXAS

COUNTY OF _____ N/A _____

_____ N/A _____, being duly sworn, under oath says: "I am the applicant / petitioner (circle one) in this action and know the contents of the above application for a writ of habeas corpus and, according to my belief, the facts stated in the application are true."

_____ N/A _____
Signature of Applicant / Petitioner (circle one)

SUBSCRIBED AND SWORN TO BEFORE ME THIS _____ DAY OF _____, 20_____.

_____ N/A _____
Signature of Notary Public

16

## PETITIONER'S INFORMATION

Petitioner's printed name:_____

State bar number, if applicable: _____

Address: _____

_____

_____

Telephone:_____

Fax:_____

## INMATE'S DECLARATION

I,  Bobby J. Buckner, TDCJ#01740805  , am the applicant/ petitioner (circle one) and

being presently incarcerated in  the Estelle Unit of TDCJ-CID  , declare under penalty of

perjury that, according to my belief, the facts stated in the above application are true and correct.

Signed on _December 2,_20 _14_.

_Bobby J. Buckner_   12-2-1

Signature of Applicant/ Petitioner (circle one)

Bobby J. Buckner, Applicant, Pro se
TDCJ-CID#01740805
Estelle Unit
264 FM 3478
Huntsville, Texas 77320

17

## PETITIONER'S INFORMATION

Petitioner's printed name: N/A

Address: N/A

Telephone: N/A

Fax: N/A

Signed on _____ N/A _____, 20____.

_____ N/A
Signature of Petitioner

18

COURT OF CRIMINAL APPEALS OF TEXAS
'PLICATION FOR A WRIT OF HABEAS CORPUS
..G RELIEF FROM FINAL FELONY CONVICTION
..E OF CRIMINAL PROCEDURE, ARTICLE 11.07

## INSTRUCTIONS

1.  You must use the complete form, which begins on the following page, to file an application for a writ of habeas corpus seeking relief from a final felony conviction under Article 11.07 of the Code of Criminal Procedure. (This form is not for death-penalty cases, probated sentences which have not been revoked, or misdemeanors.)

2.  The district clerk of the county in which you were convicted will make this form available to you, on request, without charge.

3.  You must file the entire writ application form, including those sections that do not apply to you. If any pages are missing from the form, or if the questions have been renumbered or omitted, your entire application may be dismissed as non-compliant.

4.  You must make a separate application on a separate form for each judgment of conviction you seek relief from. Even if the judgments were entered in the same court on the same day, you must make a separate application for each one.

5.  Answer every item that applies to you on the form. Do not attach any additional pages for any item.

6.  You must include all grounds for relief on the application form as provided by the instructions under item 17. You must also briefly summarize the facts of your claim on the application form as provided by the instructions under item 17. Each ground shall begin on a new page, and the recitation of the facts supporting the ground shall be no longer than the two pages provided for the claim in the form.

7.  Legal citations and arguments may be made in a separate memorandum that complies with Texas Rule of Appellate Procedure 73 and does not exceed 15,000 words if computer-generated or 50 pages if not.

8.  You must verify the application by signing either the Oath Before Notary Public or the Inmate's Declaration, which are at the end of this form on pages 11 and 12. You may be prosecuted and convicted for aggravated perjury if you make any false statement of a material fact in this application.

9.  When the application is fully completed, mail the original to the district clerk of the county of conviction. Keep a copy of the application for your records.

10. You must notify the district clerk of the county of conviction of any change in address after you have filed your application.

24

Cause No. 2009-385-C2A

FILED
2014 DEC -8 PM 12: 29
KAREN C. MATKIN
DISTRICT CLERK
DEPUTY

| EX PARTE | § | IN THE DISTRICT COURT OF |
| | § | |
| BOBBY JOE BUCKNER | § | MCLENNAN COUNTY, TEXAS |
| | § | |
| APPLICANT | § | 54TH JUDICIAL DISTRICT |

### Certificate of Service

I certify that on <u>DECEMBER 8, 2014</u>, a true and correct copy of the Writ of Habeas Corpus filed by <u>BOBBY JOE BUCKNER</u> was served by email to Sterling Harmon and Gabe Price, Assistant District Attorney, 501 Washington Avenue, Courthouse Annex, Suite 200, Waco, Texas 76701.

Karen C. Matkin, District Clerk
P.O. Box 2451
Waco, McLennan County, Texas 76703

By: _____
    Deputy

1 6 0 0 0 4 8 4 1

## Jessica Ficker

**From:** Gabe Price <Gabe.Price@co.mclennan.tx.us>
**To:** 'Jessica Ficker'
**Sent:** Monday, December 08, 2014 12:30 PM
**Subject:** Read: POST CONVICTION 11.07 2009-385-C2A

Your message

    To: sterling.harmon@co.mclennan.tx.us; gabe.price@co.mclennan.tx.us
    Subject: POST CONVICTION 11.07 2009-385-C2A
    Sent: 12/8/2014 12:26 PM

was read on 12/8/2014 12:29 PM.





160005261

1

**Jessica Ficker**

| | |
|---|---|
| **From:** | Sterling Harmon <sterling.harmon@co.mclennan.tx.us> |
| **To:** | 'Jessica Ficker' |
| **Sent:** | Monday, December 08, 2014 4:09 PM |
| **Subject:** | Read: POST CONVICTION 11.07 2009-385-C2A |

Your message

   To: sterling.harmon@co.mclennan.tx.us; gabe.price@co.mclennan.tx.us
   Subject: POST CONVICTION 11.07 2009-385-C2A
   Sent: 12/8/2014 12:26 PM

was read on 12/8/2014 4:08 PM.





1

27

No. 2009-385-C2A

FILED
2014 DEC 19 PH 3: 12
KAREN C. MATKIN
DISTRICT CLERK
MCLENNAN CO. TX.
DEPUTY ___ Howard

# IN THE 54TH JUDICIAL DISTRICT COURT
## OF MCLENNAN COUNTY, TEXAS

## EX BOBBY JOE BUCKNER

## STATE'S ANSWER TO AN APPLICATION
## FOR WRIT OF HABEAS CORPUS

Pursuant to Article 11.07 of the Code of Criminal Procedure, the State of Texas, by and through the Criminal District Attorney for McLennan County, Abelino 'Abel' Reyna, files this answer to the Application for Writ of Habeas Corpus filed by BOBBY JOE BUCKNER, hereinafter called "Applicant." This is a case other than a case in which the death penalty was assessed.

Applicant alleges eight grounds for relief in his application. The application is the first post-conviction writ he has filed.

### CONCERNING THE NEED FOR AN EVIDENTIARY HEARING

There are no controverted, previously unresolved facts material to the legality of Applicant's confinement which would necessitate a hearing. No evidentiary hearing is needed or warranted under this Application, because any information could be obtained by affidavit or otherwise.

### ALLEGATIONS IN THE APPLICATION

Applicant contends that:

1) He is actually innocent of the charged offense, and that his further incarceration offends federal due process;

2) He was denied effective assistance of counsel at trial;

3) He was denied effective assistance of counsel on appeal;

1

28

4) He was denied the due course of law, due process of law, and a fair trial because of error and abuse of discretion by the trial court;

5) There was a fatal variance between the charging instrument and the evidence adduced at trial;

6) The use of his prior conviction for enhancement purposes was improper because of remoteness;

7) He was denied due process because the visiting judge was improperly assigned; and

8) Willful misconduct on the part of the prosecuting attorney.

## GENERAL DENIAL

Pursuant to Article 11.07, all matters alleged in the application not specifically admitted by the State in this answer are denied.

## ANSWER OF THE STATE

In his first, third, fourth, fifth, sixth, seventh and eighth grounds for relief, Applicant alleges no evidence or insufficient evidence, and error committed in the course of trial. These matters are cognizable on appellate review and not appropriate under an Article 11.07 application. In his second and third grounds for relief, Applicant alleges ineffective assistance by his trial and appellate counsel. On their face, these claims fail to demonstrate facts showing that counsel's performance was deficient and fell so far below the standard of prevailing professional norms, that counsel was not functioning as the counsel guaranteed the Applicant by the Sixth Amendment. Applicant has failed to meet his burden to plead and prove by a preponderance of the evidence facts which, if true, would entitle him to relief. *Ex parte Maldonado*, 688 S.W. 2d 114, 116 (Tex. Crim. App. 1985). These mere accusations are not sufficient to meet the burden of showing either ineffective assistance of Applicant's counsel or whether a different outcome would have resulted except for such deficient performance. *Strickland v. Washington*, 466 U.S. 668.

2

## CONCLUSION AND PRAYER

The State recommends to the Trial Court that this writ be dismissed as frivolous, as there are no legal or factual grounds to support Applicant's claims.

Respectfully Submitted:

**Abelino 'Abel' Reyna**

Criminal District Attorney
McLennan County, Texas
219 North 6th Street, Suite 200
Waco, Texas 76701
Phone (254) 757-5084
Fax (254) 757-5021

Sterling Harmon
Chief, Appellate Division
State Bar # 09019700

3

No. 2009-385-C2A

FILED
2014 DEC 23 AM 10: 08
KAREN C. MATKIN
DISTRICT CLERK
MCLENNAN CO. TX.
DEPUTY
Crystal Howard

IN THE 54TH JUDICIAL DISTRICT COURT

OF McLENNAN COUNTY, TEXAS

EX PARTE BOBBY JOE BUCKNER

DESIGNATION OF ISSUES

ON AN APPLICATION FOR

WRIT OF HABEAS CORPUS

On December 5, 2014, applicant BOBBY JOE BUCKNER filed an application for writ of habeas corpus pursuant to Article 11.07, Tex. Code Crim. P. with the District Clerk of McLennan County. The District Attorney's office was served with a copy of the application by email. Applicant has alleged facts that, if true, may entitle him to relief. Therefore, the trial court designates the issues to be resolved herein as:

1. What are the circumstances surrounding Applicant's claim that John Donahue, Applicant's trial counsel, provided ineffective assistance of counsel and his counsel's reasons and reasoning for his conduct, whether by act or omission, regarding Applicant's allegations that he: (1) failed to object and enter a plea to the jurisdiction; (2) failed to object to the use of a prior conviction for enhancement purposes; (3) failed to object to an improper comment by the prosecutor during voir dire; (4) failed to object to the State's improper use of multiple outcry witness at trial and failed to object and obtain a ruling from the court on this matter; (5) failed to seek or obtain a pretrial hearing regarding the State's intention to use multiple outcry witnesses at trial; (6) failed to obtain a pretrial hearing regarding the biases of the State's witnesses; (7) failed to object to

1

31

the admission of State's exhibits on the basis of relevance, probative value, or unfair prejudice; (8) failed to obtain a forensic psychologist as an expert rebuttal witness; (9) failed to investigate St. Alban's School business records and failed to subpoena witnesses to rebut testimony associated with such records; and (10) failed to investigate and interview potential character witnesses suggested by Applicant (Ground 2)?

2. Whether the performance of Applicant's trial counsel, John Donahue, was deficient and fell so far below the standard of prevailing professional norms, that counsel was not functioning as the counsel guaranteed the Applicant by the Sixth Amendment?

3. Whether Applicant has overcome the strong presumption that Applicant's trial counsel, John Donahue, rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment?

4. Whether Applicant's trial counsel, John Donahue's, performance fell within the wide range of reasonable and professional assistance?

5. If Applicant's trial counsel, John Donahue's performance was deficient, whether his specific deficient acts or omissions, in their totality, were so serious as to undermine confidence in the outcome and to have deprived Applicant of a fair trial—one whose result is reliable—such that there is a reasonable probability that but for said deficient performance, if any, the result of the appellate review would have been different?

6. What are the circumstances surrounding Applicant's claim that E. Alan Bennett, Applicant's appellate counsel, provided ineffective assistance of counsel and his counsel's reasons and reasoning for his conduct, whether by act or omission, regarding Applicant's allegations that he: (1) failed to request oral argument before the appellate court; (2) failed to present an appellate issue regarding the

admission of A.L.'s testimony as an abuse of discretion; and (3) failed to present an appellate issue regarding the admission of multiple outcry witnesses.

7. Whether the performance of Applicant's appellate counsel, E. Alan Bennett, was deficient and fell so far below the standard of prevailing professional norms, that counsel was not functioning as the counsel guaranteed the Applicant by the Sixth Amendment?

8. Whether Applicant has overcome the strong presumption that Applicant's appellate counsel, E. Alan Bennett, rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment?

9. Whether Applicant's appellate counsel, E. Alan Bennett's, performance fell within the wide range of reasonable and professional assistance?

10. If Applicant's appellate counsel, E. Alan Bennett's performance was deficient, whether his specific deficient acts or omissions, in their totality, were so serious as to undermine confidence in the outcome and to have deprived Applicant of a fair appellate review—one whose result is reliable—such that there is a reasonable probability that but for said deficient performance, if any, the result of the appellate review would have been different?

11. Whether other findings of fact and conclusions of law should be made to resolve the issue presented by applicant herein.

## ORDER

The Trial Court determines that these issues can be resolved by affidavit and a hearing is not necessary. Therefore, the trial court enters the following orders:

John Donahue and E. Alan Bennett are each hereby ORDERED to provide this court with their individual affidavit addressing applicant's claims and the issues designated above.

Applicant is hereby ordered to provide this Court with any additional information or proof applicant believes would be helpful to this Court in resolving the issues presented herein.

The Clerk of the Court is hereby ORDERED:

1. To deliver to John Donahue and E. Alan Bennett, copies of:

    a. The application filed on December 5, 2014;

    b. The State's Answer filed on December 19, 2014; and

    c. This Order;

2. To deliver to the Court of Criminal Appeals a copy of this Order;

## TIMETABLE

Unless a continuance is granted, all affidavits and proof shall be filed with the Clerk of this Court no later than January 20, 2015. This Court will enter appropriate findings no later than February 3, 2015.

Signed and entered this **22** day of **DEC.**, 2014.

Matt Johnson
Judge Presiding



**KAREN MATKIN**
**DISTRICT CLERK**
McLENNAN COUNTY COURTHOUSE
P. O. BOX 2451
WACO, TEXAS 76703
254-757-5054 OR 757-5057

FILED

2014 DEC 23 PM 4: 40

KAREN C. MATKIN
DISTRICT CLERK
MCLENNAN CO. TX
Deputy _Crystal Howard_

DECEMBER 23, 2014

Abel Acosta, Clerk
Court of Criminal Appeals
P.O. Box 12308
Austin, Texas 78711

RE: BOBBY JOE BUCKNER
Cause #: 2009-385-C2A
CCA#:

Mr. Acosta,

Enclosed you will find a certified copy of the Designation of Issues on an
Application for Writ of Habeas Corpus as well as the email receipt to Gabe
Price and Sterling Harmon, Assistant District Attorney for the 11.07 Writ
Application. Please let me know if there is anything else needed at this
time.

Thank you.

_Crystal Howard_
Crystal Howard
Deputy District Clerk

Enclosure

EX PARTE § IN THE DISTRICT COURT ~~ROOM~~ 8:29

§

BOBBY JOE BUCKNER, § McLENNAN COUNTY, TEXAS

§

APPLICANT § 54th JUDICIAL DISTRICT

## AFFIDAVIT OF E. ALAN BENNETT

STATE OF TEXAS §

§

COUNTY OF McLENNAN §

Before me, the undersigned notary, on this day personally appeared E. Alan Bennett, the affiant whose identity is known to me. After I administered an oath, affiant testified as follows:

1. My name is E. Alan Bennett. I am over 18 years of age, of sound mind, and capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. I am an attorney licensed to practice in the State of Texas. I am board certified in both criminal law and criminal appellate law.

3. The court appointed me on July 21, 2011 to represent Bobby Joe Buckner in an appeal following his conviction for aggravated sexual assault of a child. The appeal was docketed in the Tenth Court of Appeals, Waco, under cause no. 10-11-00277-CR. After Buckner's conviction was affirmed by the Tenth Court of Appeals, I filed a petition for discretionary review (PDR) on Buckner's behalf with the Court of Criminal Appeals that was docketed under cause no. PD-1056-13. The Court of Criminal Appeals refused the PDR.

4. After a careful review of the trial record and based on my professional experience, I filed an appellant's brief with the Waco Court of Appeals that presented 2 issues: (1) a challenge to the sufficiency of the evidence based primarily on inconsistent statements made by the complainant A.L.; and (2) a challenge to the admissibility of the testimony of clinical psychologist Deborah Brock because of the State's failure to lay a proper predicate.

5. I did not request oral argument in Buckner's appeal. I did not request oral argument because the Waco Court of Appeals rarely grants oral argument. In my professional opinion, the Waco Court of Appeals would not have granted oral argument in Buckner's appeal. Even if the court of appeals had granted oral argument, it is my further opinion that oral argument would not have changed the outcome of the appeal.



6. The complainant A.L. testified at trial. She was 18 years' old at the time of trial. In the appellant's brief, I challenged the sufficiency of the evidence because of her delayed outcry, because of inconsistencies in her various statements and her testimony, because of her vague testimony regarding the sexual assault itself, because of her lack of recall about the details of the sexual assault, and because of her grandmother's strong dislike for Buckner, which gave the grandmother motive to convince A.L. to make false allegations against Buckner. Trial counsel called these matters to the jury's attention during cross-examination and in closing argument. However, they do not form the basis for a legal objection to A.L.'s testimony. And they do not form the basis for a challenge to the admissibility of A.L.'s testimony on appeal.

7. Buckner questions why I failed to present an appellate issue regarding the admission of the testimony of "multiple out-cry witnesses." The State offered two outcry witnesses: A.L.'s mother and her grandmother. Trial counsel objected to the mother's testimony on this basis but not the grandmother's. As the prosecutor stated to the trial court, a case can involve multiple outcry witnesses. *See e.g. Josey v. State*, 97 S.W.3d 687 (Tex. App.—Texarkana 2003, no pet.). A trial court's ruling on the admissibility of outcry testimony is reviewed for an abuse of discretion. For each of these reasons, I exercised my professional judgment and chose not to pursue such an issue because its likelihood of success on appeal was virtually non-existent.



E. Alan Bennett

SWORN TO AND SUBSCRIBED BEFORE ME on January 14, 2015.

J CLAUDETTE KEEL
Notary Public
STATE OF TEXAS
Comm. Exp. 11/21/2017

NOTARY PUBLIC, STATE OF TEXAS

**Crystal Howard**

**From:** Sterling Harmon <sterling.harmon@co.mclennan.tx.us>
**To:** 'Crystal Howard'
**Sent:** Friday, January 16, 2015 1:07 PM
**Subject:** Read: AFFIDAVIT FILED IN POST CONVICTION WRIT 11.07 2009-385-C2A

Your message

  To: sterling.harmon@co.mclennan.tx.us; gabe.price@co.mclennan.tx.us
  Subject: AFFIDAVIT FILED IN POST CONVICTION WRIT 11.07 2009-385-C2A
  Sent: 1/16/2015 10:56 AM

was read on 1/16/2015 12:03 PM.





## Crystal Howard

| | |
|---|---|
| **From:** | Gabe Price <Gabe.Price@co.mclennan.tx.us> |
| **To:** | 'Crystal Howard' |
| **Sent:** | Friday, January 16, 2015 10:59 AM |
| **Subject:** | Read: AFFIDAVIT FILED IN POST CONVICTION WRIT 11.07 2009-385-C2A |

Your message

    To: sterling.harmon@co.mclennan.tx.us; gabe.price@co.mclennan.tx.us
    Subject: AFFIDAVIT FILED IN POST CONVICTION WRIT 11.07 2009-385-C2A
    Sent: 1/16/2015 10:56 AM

was read on 1/16/2015 10:58 AM.





39

| | | |
|---|---|---|
| EX PARTE | § | IN THE DISTRICT COURT |
| | § | |
| | § | MCLENNAN COUNTY, TEXAS |
| | § | |
| BOBBY JOE BUCKNER | § | 54TH JUDICIAL DISTRICT |

*FILED*
2015 JAN 21 PM 4:10
JOHN A. KINNE
DISTRICT CLERK
McLENNAN CO. TX
_____

## AFFIDAVIT OF JOHN DONAHUE

Ground 1: A plea to the jurisdiction seeks dismissal of a case based on a lack of subject-matter jurisdiction. *Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). Mr. Buckner has cited no authority or basis upon which counsel could have, or should have, filed a plea to the jurisdiction of the court. Mr. Buckner was indicted for a felony offense and jurisdiction was in the 54th District Court. There was no basis for a plea to the jurisdiction. Hence, one was not filed.

Ground 2: Mr. Buckner contends that I failed to object to the enhancement paragraph because of remoteness and because it was not read to the jury at arraignment.

First, while an issue of remoteness may be applicable when a prior conviction is used for impeachment purposes, *see* Tex. R. Crim. Evid. 609, the same does not apply to the use of a prior conviction for enhancement purposes. There is no time limit on use of prior convictions for enhancement purposes. *See* Tex. Penal Code §12.42. Hence, I made no objection to remoteness as to the conviction for enhancement purposes.

As to the issue of not reading the enhancement at arraignment, I do not understand. Vol. 7, pg. 6, the State read the enhancement paragraph and Mr. Buckner pleaded true to it. If Mr. Buckner is complaining that the enhancement was not read earlier, he should read Art. 36.01(a)(1).

Ground 3: Mr. Buckner complains that I did not object to a comment by the prosecutor regarding how fast a female anus and vagina heal. Mr. Buckner makes a blanket statement without specifying how this statement was improper. I have tried cases involving sexual assault of a child both before and after Buckner's, and have had to deal with testimony regarding this issue. I've had cases where only a matter of months has passed from the time of the alleged sexual assault and an examination by a doctor and have dealt with experts addressing the length of time it takes for a vagina or anus to heal. The estimate has ranged from 72 hours to a week or two. In this case, the sexual assault was alleged to have occurred in approximately 2000. The outcry was not made until years later. I'm assuming that Buckner is making a claim that if he had sex with the complainant, there would have been some physical evidence. However, because of the length of time between the alleged sexual assault and the outcry, based upon past trials and common sense, I did not believe that such a claim existed in this case, and therefore did not believe that such a comment by the prosecutor was improper. Using common sense, I assumed that there were members of the panel who had given birth to children and that most women and men on the panel would not disagree with a comment that the vagina and anus are vascular/muscular and designed to accommodate things being put in or passed through without suffering permanent injury as a result.



Grounds 4 and 5: The State's notice of outcry listed two witnesses, Sanya and Margaret Lopez. I objected to the State using two outcry witnesses and argued that the statute only allowed the use of one outcry witness. The State responded that multiple outcry witnesses were allowed if everything was not disclosed to the first person. The objection was overruled, which I believed preserved error as to the issue. Vol. 5, ppg. 57-60.

As to a hearing outside the presence of the jury, I did not request a hearing as I had reviewed all the evidence in the prosecutor's files. I had reviewed offense reports, witness statements and CAC videos. It was my opinion that because of the passage of time, and because of the complainant's behavioral issues in her later years, that inconsistency between the statements and testimony of the various parties would help in creating reasonable doubt as to the allegations made. Further, the complainant was present to testify, she was cross-examined, and I had reviewed the statements of the outcry witnesses before trial. I did not believe any issue existed as to the time, content and circumstances of the statement.

Ground 6: I am not sure why Mr. Buckner believes that I was ineffective for failing to request a pretrial hearing to determine bias. I have not seen any cases or statutes that provide for a pretrial hearing to determine bias of a State's witness. That is what cross-examination is for, to determine the bias of the witness.

Ground 7: Mr. Buckner has not identified why the pictures he complains of are irrelevant other than that they show the complainant at a younger age. The admissibility of a photograph is within the sound discretion of the trial judge. *Young v. State*, 283 S.W.3d 854, 875 (Tex. Crim. App. 2009). I did not believe the pictures to be inherently prejudicial, and did not object because I did not want the prosecutor to make it appear as though the defense were trying to hide something from the jury. Nor did I want the judge to overrule my objection and have the pictures go back to the jury and have the jury think that the defense was attempting to hide something from them. They were merely pictures of the complainant, some at a younger age, and I was concerned that the State would make the argument in favor of their admission at that time that they were trying to show the change in the behavioral characteristics of the complainant before and after Buckner was dating her mother.

Ground 8: I worked extremely hard throughout Mr. Buckner's trial to not open the door to the fact that Mr. Buckner had previously been convicted of a sexual offense involving his little brother and another little girl. Mr. Buckner had been sent to TYC for that offense. I was able to keep that out during Mr. Buckner's trial. The use of a forensic expert, to elicit testimony that the complainant was lying or that Buckner was not disposed to commit that type of offense, would have opened the door to his prior conviction. I did not want that to happen.

Ground 9: This is simply not true. A witness testified at trial: Karen Tanner, Vol. 5, ppg 202-201. Ms. Tanner was actually at the courthouse because of a request by defense counsel. As can be seen from her testimony, the defense hired an investigator, Rose Enmark, to investigate whether records existed that would have shown who was allowed to pick up the children from St. Albans school. That investigation did not produce any records. Ms. Tanner testified that, at the request of the State, she had produced all the records she could find regarding the complainant. She also testified that

2

she had looked at the request of Ms. Enmark for records dating back to 2000 and was unable to locate any. She testified that she started working there in 2004 and that around 2006 the school closed and a lot of the records were disposed of. Counsel was not hired until 2009. Mr. Buckner's claim that we did not investigate those records is incorrect.

Ground 10: As stated previously, I worked very hard throughout the trial to not open the door to testimony that Mr. Buckner had previously been sent to TYC for the offense of aggravated sexual assault, which offenses I knew to have involved his younger brother and a young girl. There were also other offenses; some arrests, others convictions, that I did not want to have brought up in response to character testimony in front of the jury. As for punishment, as stated previously, it was before Judge Allen, not the jury. Mr. Buckner and his wife both testified. Character witnesses at that point would have been repetitive and the State would have been able to go over his criminal history with each witness. I did not believe that the minimal value of having character witnesses testify to the same things as Mr. Buckner and his wife was worth hearing about the criminal history over and over.

Further, while I did get character letters from people on Mr. Buckner's behalf, I did not receive any directive from Mr. Buckner at any point for witnesses that he wanted to present at trial. Nor did I get a list from him of witnesses that were ready and willing to testify.

_____

JOHN DONAHUE

SUBSCRIBED AND SWORN TO before me by the said JOHN DONAHUE on this 14 day of _____, 2015.

AMANDA LEE NEILL
Notary Public, State of Texas
My Commission Expires
MAY 05, 2018

NOTARY PUBLIC

3

42

**Crystal Howard**

| | |
|---|---|
| **From:** | Gabe Price <Gabe.Price@co.mclennan.tx.us> |
| **To:** | 'Crystal Howard' |
| **Sent:** | Monday, January 26, 2015 2:56 PM |
| **Subject:** | Read: AFFIDAVIT FILED IN POST CONVICTION WRIT 11.07 2009-385-C2A |

Your message

To: sterling.harmon@co.mclennan.tx.us; gabe.price@co.mclennan.tx.us
Subject: AFFIDAVIT FILED IN POST CONVICTION WRIT 11.07 2009-385-C2A
Sent: 1/26/2015 2:44 PM

was read on 1/26/2015 2:55 PM.

FILED
2015 JAN 27 PM 12:38
JON R. GIMBLE
DISTRICT CLERK
MCLENNAN CO. TX.

1

161639761

43

**Crystal Howard**

| | |
|---|---|
| **From:** | Sterling Harmon <sterling.harmon@co.mclennan.tx.us> |
| **To:** | 'Crystal Howard' |
| **Sent:** | Tuesday, January 27, 2015 8:41 AM |
| **Subject:** | Read: AFFIDAVIT FILED IN POST CONVICTION WRIT 11.07 2009-385-C2A |

Your message

To: sterling.harmon@co.mclennan.tx.us; gabe.price@co.mclennan.tx.us
Subject: AFFIDAVIT FILED IN POST CONVICTION WRIT 11.07 2009-385-C2A
Sent: 1/26/2015 2:44 PM

was read on 1/26/2015 4:42 PM.

FILED
2015 JAN 27 PM 12:38
JOHN R. GIMBLE
DISTRICT CLERK
MCLENNAN CO. TX.

1

No. 2009-385-C2A

# In the 54th Judicial District Court
# of McLennan County, Texas

## Ex Parte Bobby Joe Buckner

FILED
2015 JAN 27 AM 9: 30
JON R. GIMBLE
DISTRICT CLERK
MCLENNAN CO. TX.

---

## Findings of Fact and Conclusions of Law
## on an Application for
## Writ of Habeas Corpus

---

On December 5, Applicant BOBBY JOE BUCKNER filed an application for writ of habeas corpus pursuant to Article 11.07, Tex. Code Crim. P. with the District Clerk of McLennan County. The District Attorney's office was served with a copy of the application by email. Applicant has alleged facts that, if true, may entitle him to relief. Therefore, the trial court designated the issues to be resolved herein as:

1. What are the circumstances surrounding Applicant's claim that John Donahue, Applicant's trial counsel, provided ineffective assistance of counsel and his counsel's reasons and reasoning for his conduct, whether by act or omission, regarding Applicant's allegations that he:

    - Failed to object and enter a plea to the jurisdiction;

    - Failed to object to the use of a prior conviction for enhancement purposes;

    - Failed to object to an improper comment by the prosecutor during voir dire;

    - Failed to object to the State's improper use of multiple outcry witnesses at trial;

1



- Failed to obtain a pretrial hearing regarding the State's intention to use multiple outcry witnesses at trial;

- Failed to obtain a pretrial hearing regarding the biases of the State's witnesses;

- Failed to object to the admission of State's ehibits on the bases of relevance, probative value, or unfair prejudice;

- Failed to obtain a forensic psychologist as an expert rebuttal witness;

- Failed to investigate St. Alban's School business records and failed to subpoena witnesses to rebut testimony associated with such records; and

- Failed to investigate and interview potential character witnesses suggested by Applicant.

2. Whether the performance of Applicant's trial counsel, John Donahue, was deficient and fell so far below the standard of prevailing professional norms, that counsel was not functioning as the counsel guaranteed the Applicant by the Sixth Amendment?

3. Whether Applicant has overcome the strong presumption that Applicant's trial counsel, John Donahue, rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment?

4. Whether Applicant's trial counsel, John Donahue's, performance fell within the wide range of reasonable and professional assistance?

5. If Applicant's trial counsel, John Donahue's performance was deficient, whether his specific deficient acts or omissions, in their totality, were so serious as to undermine confidence in the outcome and to have deprived Applicant of a fair trial—a trial whose result is reliable—such that there is a reasonable probability that but for said deficient performance, if any, the result of the trial would have been different?

6. What are the circumstances surrounding Applicant's claim that E. Alan Bennett, Applicant's appellate counsel, provided ineffective assistance of counsel and his counsel's reasons and reasoning for his conduct, whether by act or omission, regarding Applicant's allegations that he:
    - Failed to request oral argument before the appellate court;
    - Failed to present an appellate issue regarding the admission of A.L.'s testimony as an abuse of discretion; and
    - Failed to present an appellate issue regarding the admission of multiple outcry witnesses.

7. Whether the performance of Applicant's appellate counsel, E. Alan Bennett, was deficient and fell so far below the standard of prevailing professional norms, that counsel was not functioning as the counsel guaranteed the Applicant by the Sixth Amendment?

8. Whether Applicant has overcome the strong presumption that Applicant's appellate counsel, E. Alan Bennett, rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment?

9. Whether Applicant's appellate counsel, E. Alan Bennett's, performance fell within the wide range of reasonable and professional assistance?

10. If Applicant's appellate counsel, E. Alan Bennett's performance was deficient, whether his specific deficient acts or omissions, in their totality, were so serious as to undermine confidence in the outcome and to have deprived Applicant of a fair appellate review—one whose result is reliable—such that there is a reasonable probability that but for said deficient performance, if any, the result of the appellate review would have been different?

11. Whether other findings of fact and conclusions of law should be made to resolve the issue presented by applicant herein.

## FINDINGS AND CONCLUSIONS

1. John Donahue, Applicant's trial counsel, filed an affidavit addressing Applicant's claims on January 21, 2015.

2. The affidavit is found to be true, correct, and worthy of belief. The affidavit is accepted for all purposes.

3. A plea to the jurisdiction challenges the court's subject-matter jurisdiction. Applicant has alleged no matters of law or fact which would support a challenge to the jurisdiction. Applicant's trial counsel had no basis to file a plea to the jurisdiction, and was not ineffective for failing to do so.

4. Applicant has alleged no legal or factual basis on which the allegation of a prior conviction for enhancement purposes was improper. Any failure of trial counsel to object to such enhancement was therefore not ineffective. The record further shows that Applicant voluntarily entered a plea of true to the enhancement allegation.

5. Applicant has alleged no matters of law or fact showing that the prosecutor's comment during voir dire regarding how fast a vagina or anus heal was improper. Applicant's trial counsel has made his affidavit showing how such a comment was factually correct and legally unobjectionable, thus rebutting Applicant's claim that failure to object to this comment was ineffective.

6. The record reflects that Applicant's trial counsel made a timely objection to the State's use of two outcry witnesses, and Applicant's claim to the contrary is without merit.

7. Applicant's trial counsel thoroughly investigated the time, content and circumstances of outcry statements. Trial counsel determined that no genuine issue was raised regarding the statements' admissibility and failure to seek a hearing on this issue outside the presence of the jury was a reasonable trial strategy and not ineffective.

8. Applicant has not alleged any legal or factual issues which would provide a basis for a pretrial hearing to determine bias of a State's witness. Trial counsel conducted reasonable cross-examination of the State's witnesses to determine bias, and any failure to seek a pre-trial hearing on this issue was not ineffective.

9. Photographs of the victim were relevant, probative and not unfairly prejudicial to Applicant, and their admission into evidence was not objectionable. Trial counsel's failure to object to the admission of such evidence was part of a reasonable trial strategy and any such failure to object was not ineffective.

10. The use of a forensic psychologist to rebut the State's evidence concerning Applicant's disposition to commit the offense or the complainant's truthfulness would have opened the door for the State to introduce evidence of Applicant's prior sex offense. Trial counsel's avoidance of this possibility was therefore a reasonable trial strategy. Trial counsel's failure to obtain an expert to provide rebuttal testimony was thus not ineffective.

11. Applicant's trial counsel investigated the issue of school business records and determined that such records no longer existed. Testimony was adduced at trial to this fact. Applicant's claim that trial counsel failed to investigate or seek witnesses on this issue is without merit.

12. The presentation of character witnesses during the guilt phase would have opened the door to the admission of Applicant's prior criminal history including a prior sex offense. Presentation of such witnesses during punishment before the court would have been repetitive and potentially aggravating to the court as fact-finder. Failure to present these types of witnesses was a result of a reasonable trial strategy.

13. Applicant's trial counsel's performance was at all times sufficient and fell within the standard of prevailing professional norms so as to afford Applicant effective assistance of counsel as guaranteed by the Sixth Amendment.

14. There has been no showing that Applicant's trial counsel rendered inadequate assistance in his representation of Applicant, nor any showing that counsel's significant decisions were the result of anything other than the exercise of reasonable professional judgment.

15. The performance of Applicant's trial counsel fell within the range of reasonable and professional assistance.

16. E. Alan Bennett, Applicant's appellate counsel, filed an affidavit addressing Applicant's claims on January 15, 2015.

17. The affidavit is found to be true, correct, and worthy of belief. The affidavit is accepted for all purposes.

18. Applicant's appellate counsel, based on his professional judgment and experience in practicing before the 10th Court of Appeals, opted not to request oral argument before that Court. This decision was part of a reasonable appellate strategy and failure to request oral argument was not ineffective.

19. Applicant's appellate counsel challenged the sufficiency of the evidence based on the testimony of A.L. However, appellate counsel's review of the record showed no reasonable basis for challenging the admissibility of this testimony. It cannot be shown that appellate counsel's failure to raise this issue as a point of appeal was the result of anything other than reasonable appellate strategy.

20. Likewise, appellate counsel reviewed the possibility of presenting an appellage issue regarding the State's presentation of two outcry witnesses. Finding that the admission of this evidence and the use of two outcry witnesses was supported in law, appellate counsel chose not to present this issue on appeal, as a result of reasonable appellate strategy.

21. Applicant's appellate counsel's performance was at all times sufficient and fell within the standard of prevailing professional norms so as to afford Applicant effective assistance of counsel as guaranteed by the Sixth Amendment.

22. There has been no showing that Applicant's appellate counsel rendered inadequate assistance in his representation of Applicant, nor any showing that counsel's significant decisions were the result of anything other than the exercise of reasonable professional judgment.

23. The performance of Applicant's appellate counsel fell within the range of reasonable and professional assistance.

24. There are no other issues material to Applicant's claims which need to be resolved.

## RECOMMENDATION OF THE TRIAL COURT

Therefore, the Trial Court recommends to the Honorable Texas Court of Criminal Appeals that all relief be denied.

## ORDER TO THE CLERK

Now, therefore, the Clerk of the Court is ORDERED to immediately transmit to the Court of Criminal Appeals all necessary documents not heretofore transmitted, and a Clerk's Summary Sheet and a certificate reciting the date upon which this finding was made, and this order, finding and recommendation.

If the Clerk has received any communication from Applicant before such transmission, a copy of said communication shall also be sent to the Court of Criminal Appeals.

A copy of this Order shall also be mailed to applicant at the address shown on the application.

Signed and entered this __27__ day of __JAN__, 2015.

Matt Johnson
Judge Presiding

CAUSE NO: 20090385C2A  FILE DATE: 12/05/2014 STATE OF TEXAS VS BUCKNER,BOBBY JOE
OFFENSE: POST CONVICTION WRIT OF HABEAS CORPUS 11.07                DA: REYNA,ABEL

          PARTIES TO THE CASE          P/D    ATTORNEY

      02 BUCKNER,BOBBY JOE             D 01 PRO SE

  DATE      PARTY  ORDER OF THE COURT

12/05/2014         COVER LETTER FROM DEFENDANT
12/05/2014         APPLICATION FOR A WRIT OF HABEAS CORPUS SEEKING RELIEF FROM
                   FINAL FELONY CONVICTION UNDER CODE OF CRIMINAL PROCEDURE,
                   ARTICLE 11.07
12/08/2014         CERTIFICATE OF SERVICE
12/08/2014         EMAIL RECEIPT FROM GABE PRICE
12/08/2014         EMAIL RECEIPT FROM STERLING HARMON
12/19/2014         STATE'S ANSWER TO AN APPLICATION FOR WRIT OF HABEAS CORPUS
12/23/2014         DESIGNATION OF ISSUES ON AN APPLICATION FOR WRIT OF HABEAS
                   CORPUS
12/23/2014         C/STATE'S ANSWER & DESIGNATION OF ISSUES MAILED TO DEFT
12/23/2014         C/LETTER MAILED TO CCA WITH C/C DESIGNATION OF ISSUES
12/23/2014         C/APPLICATION,STATE'S ANSWER & DESIGNATION OF ISSUES MAILED
                   TO ATTY'S J.DONAHUE AND E.ALAN BENNETT
 1/15/2015         AFFIDAVIT OF E.ALAN BENNETT
 1/16/2015         C/AFFIDAVIT EMAILED TO DISTRICT ATTORNEY'S OFFICE
 1/16/2015         C/AFFIDAVIT MAILED TO DEFT
 1/16/2015         EMAIL RECEIPT FROM STERLING HARMON
 1/16/2015         EMAIL RECEIPT FROM GABE PRICE
 1/21/2015         AFFIDAVIT OF JOHN DONAHUE
 1/26/2015         C/AFFIDAVIT EMAILED TO DISTRICT ATTORNEY'S OFFICE
 1/26/2015         C/AFFIDAVIT MAILED TO DEFT
 1/27/2015         EMAIL RECEIPT FROM GABE PRICE
 1/27/2015         EMAIL RECEIPT FROM STERLING HARMON
 1/27/2015         FINDINGS OF FACT AND CONCLUSIONS OF LAW ON AN APPLICATION
                   FOR WRIT OF HABEAS CORPUS
 1/30/2015         C/FINDINGS AND CONCLUSIONS OF LAW MAILED TO DEFT

THE STATE OF TEXAS

COUNTY OF McLENNAN

I, JON R. GIMBLE, Clerk, District Courts in and for McLennan County, Texas, do hereby certify that the above and foregoing are true and correct copies of the following instruments, to wit:

1. COVER LETTER FROM DEFENDANT

2. APPLICATION FOR A WRIT OF HABEAS CORPUS SEEKING RELIEF FROM FINAL FELONY CONVICTION UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

3. CERTIFICATE OF SERVICE

4. EMAIL RECEIPT FROM GABE PRICE

5. EMAIL RECEIPT FROM STERLING HARMON

6. STATE'S ANSWER TO AN APPLICATION FOR WRIT OF HABEAS CORPUS

7. DESIGNATION OF ISSUES ON AN APPLICATION FOR WRIT OF HABEAS CORPUS

8. COPY OF LETTER MAILED TO COURT OF CRIMINAL APPEALS WITH CERTIFIED COPY DESIGNATION OF ISSUES

9. AFFIDAVIT OF E.ALAN BENNETT

10. EMAIL RECEIPT FROM STERLING HARMON

11. EMAIL RECEIPT FROM GABE PRICE

12. AFFIDAVIT OF JOHN DONAHUE

13. EMAIL RECEIPT FROM GABE PRICE

14. EMAIL RECEIPT FROM STERLING HARMON

15. FINDINGS OF FACT AND CONCLUSIONS OF LAW ON AN APPLICATION FOR WRIT OF HABEAS CORPUS

16. DOCKET SHEET

in Cause Number 2009-385-C2A in the 54th Judicial Court of McLennan County, Texas Styled:

EX PARTE: BOBBY JOE BUCKNER, APPLICANT

as same appear from original instruments now on file in the office of which I have legal custody.

53

TO CERTIFY WHICH WITNESS MY HAND AND SEAL OF SAID COURT, at my office, in city of Waco, County of McLennan, Texas this the **30TH** day of **JANUARY, 2015.**

JON R. GIMBLE Clerk
District Courts, McLennan County, Texas

(seal)                    By _____, Deputy.
                               CRYSTAL HOWARD

THE STATE OF TEXAS

VS.

BOBBY JOE BUCKNER



# FILED

2009 MAR 11 PM 12 01

KAREN C. MATKIN
DISTRICT CLERK
MCLENNAN CO. TX.

DEPUTY _Brenda Taylor_

**PRIMARY OFFENSE: AGGRAVATED SEXUAL ASSAULT OF A CHILD**
§22.021, Texas Penal Code
1st Degree Felony

Bond $
CID #: 92894

Booking #: 728745

| In The 54th District Court | § | | 385 | § | John Segrest, District Attorney |
| McLennan County, Texas | § | 2009- | **385** -C \ | § | Beth Toben, Assistant |

## IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

THE GRAND JURY, for the County of McLennan, State of Texas, duly selected, empaneled, sworn, charged, and organized as such at the March Term, A.D., 2009, of the 54th Judicial District Court for said County, upon their oaths present in and to said Court at said term that **BOBBY JOE BUCKNER,** hereinafter styled Defendant, heretofore on or about the 28th day of April, A.D. 2000, and before the presentment of this indictment, in the County and State aforesaid, did then and there intentionally or knowingly cause the sexual organ of **ASHLEY LOPEZ,** to contact or be penetrated by the sexual organ of the Defendant, and at the time, **ASHLEY LOPEZ** was a child who was then and there younger than fourteen (14) years of age and not the spouse of the Defendant,

**. . . . AGAINST THE PEACE AND DIGNITY OF THE STATE.**

_____
GRAND JURY FOREMAN


0 3 6 1 3 9 0 0 1

Indictment - Page 1  55

NO. **2009-385-C2**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 54TH DISTRICT COURT |
| VS. | § | OF |
| **BOBBY JOE BUCKNER** | § | McLENNAN COUNTY, TEXAS |

### ARRAIGNMENT ORDER

On **July 13, 2011**, the defendant in the above entitled and numbered cause, and the defendant's

counsel, **JOHN DONAHUE**, and the State's attorney, all being present in open Court, and it appearing to

the Court that said defendant has been duly served with a copy of the Indictment herein at least two entire

days prior to the present day, and it further appearing to the Court that said defendant is NOT on bail (and

that he was on bail when he was indicted herein) the Court proceeded to cause the said defendant to be

arraigned herein in due form of law, to-wit: the name of the said defendant as stated in the Indictment

herein, was distinctly called, and thereupon the Indictment was distinctly read to the said defendant, and

he was asked by the Court whether he was guilty or not guilty of the offense alleged in said Indictment,

and the said defendant answered in person that he was **NOT GUILTY**.

Now, therefore, the said **plea of not guilty** of the said defendant is received by the Court, and the

fact of said arraignment, and said plea of said defendant, is here and now ordered entered of record upon

the minutes of this Court.

Signed on **July 13, 2011**.

FILED
13ᵗʰ Day of July, 2011
at ____ o'clock ____ M
KAREN C. MATKIN
DISTRICT CLERK
McLennan County, Texas
By_____
Deputy

JUDGE PRESIDING



NO. 2009-385-C2

| THE STATE OF TEXAS | ) | IN THE 54TH DISTRICT COURT |
|---|---|---|
| VS. | ) | OF |
| BOBBY JOE BUCKNER | ) | McLENNAN COUNTY, TEXAS |

FIRST MAIN CHARGE OF THE COURT

MEMBERS OF THE JURY:

The Defendant, Bobby Joe Buckner, stands charged by indictment with the offense of Aggravated Sexual Assault of a Child, alleged to have been committed on or about the 28th day of April, 2000, in McLennan County, Texas. To this charge, the Defendant has pleaded not guilty.

A person commits the offense of Sexual Assault if the person intentionally or knowingly causes the sexual organ of a child to contact or be penetrated by the sexual organ of another person, including the actor;

Charge
FILED
15 Day of July, 2011
at 10:21 o'clock A M
KAREN C. MATKIN
DISTRICT CLERK
McLennan County, Texas
By _____
Deputy

Verdict
FILED
15 Day of July, 2011
at 12:31 o'clock P M
KAREN C. MATKIN
DISTRICT CLERK
McLennan County, Texas
By _____
Deputy

Our law further provides that a person commits the offense of Aggravated Sexual Assault of a Child if the person commits Sexual Assault as set out above and the child is younger than 14 years of age.

"Child" means a person younger than 17 years of age who is not the spouse of the actor.

"Actor" means a person whose criminal responsibility is in issue in a criminal action.

"Spouse" means a person who is legally married to another.

"Person" means an individual, corporation, or association.

"Individual" means a human being who is alive.

"Another" means a person other than the actor.

A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.

A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

In all criminal cases the Burden of Proof is on the State.

The indictment filed in this case by the State is not evidence of guilt or innocence. It is a mere accusation and cannot be considered by you as evidence in determining the innocence or guilt of the Defendant in this case.

All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The fact that a person has been arrested, confined, or indicted for, or otherwise charged with the offense gives rise to no inference of guilt at his trial. The law does not require a Defendant to prove his innocence or produce any evidence at all. The presumption of innocence alone is sufficient to acquit the Defendant, unless the jurors are satisfied beyond a reasonable doubt of the Defendant's guilt after careful and impartial consideration of all the evidence in the case.

The prosecution has the burden of proving the Defendant guilty, and it must do so by proving each and every element of the offense charged beyond a reasonable doubt; and if it fails to do so, you must acquit the Defendant.

You are further charged that it is the law in this case that the State is not bound to prove the exact date alleged in the indictment but may prove the offense, if any, to have been committed at any time prior to the filing of the indictment.

The jury is instructed that the Court has taken judicial notice that the date the indictment in this case was presented was March 11, 2009, and that the statute of limitations for the offense charged in the indictment is ten (10) years from the 18th birthday of the alleged victim.

The jury is further instructed that it may, but is not required to, accept as conclusive the fact judicially noticed.

You are instructed that if there is any testimony before you in this case regarding the Defendant's having committed offenses other than the offense alleged against him in the indictment in this case, you cannot consider said testimony for any purpose unless you find and believe beyond a reasonable doubt that the Defendant committed such other offenses, if any were committed, and even then you may only consider the same for its bearing on relevant matters, including the state of mind of the Defendant and the alleged victim, Ashley Lopez, and the previous and subsequent relationship between the Defendant and the alleged victim, Ashley Lopez, if any, in connection with the offense, if any, alleged against him in the indictment in this case, and for no other purpose.

You are instructed that if there is any testimony before you in this case regarding the Defendant's having committed offenses other than the offense alleged against him in the indictment in this case, you cannot consider said testimony for any purpose, unless you find and believe beyond a reasonable doubt that the Defendant committed such other offenses, if any were committed, and even then you may only consider the same in determining proof of motive, opportunity, intent, preparation or plan, if any, in connection with the offense, if any, alleged against him in the indictment in this case, and for no other purpose.

Now, if you find from the evidence beyond a reasonable doubt that on or about the 28th day of April, 2000, in McLennan County, Texas, that the Defendant, Bobby Joe Buckner, did then and there intentionally or knowingly cause the sexual organ of Ashley Lopez to contact or be penetrated by the sexual organ of the Defendant, and at the time, Ashley Lopez was a child who was then and there younger than fourteen (14) years of age and not the spouse of the Defendant, then you will find the Defendant guilty of Aggravated Sexual Assault of a Child, as charged in the indictment.

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the Defendant and say by your verdict "Not Guilty."

Our law provides that a defendant may testify in his own behalf if he elects to do so. In the event he elects not to testify, that fact cannot be taken as a circumstance against him. In this case the Defendant has elected not to testify, and you are instructed that you cannot and must not refer or allude to that fact throughout your deliberations or take it into consideration for any purpose whatsoever as a circumstance against the Defendant.

During trial it was permissible for you to take notes. You may carry those notes to the jury room for your personal use during deliberation on the Court's charge. You may not share these notes with other jurors; however, you may discuss the contents of your notes. Your personal recollection of the evidence takes precedence over any notes you have taken. A juror may not rely on the notes of another juror. If you disagree about the evidence, the Presiding Juror may apply to the Court and have the court reporter's notes read to the jury.

After you retire to your jury room you will select one of your members as your Foreperson. Your Foreperson will certify to your verdict by using the appropriate form attached hereto, and signing the same as Foreperson. If you agree upon a verdict, it must be by unanimous vote.

Until you have finished your deliberations, you shall not communicate to anyone outside the jury room how the jury may stand numerically in its voting, nor how the jury may stand numerically on any issue before you, unless you are first called upon by the Court to do so.

Any communications from the jury to the Court must be written, prepared by the Foreperson, signed by the Foreperson, and submitted to the Court through the bailiff. Therefore, if you wish to communicate with the Court about any matter, then your Foreperson shall prepare your communication in writing, then sign it, and deliver it to the bailiff, and the bailiff will deliver it to the Court.

Do not let personal bias, prejudice, sympathy or resentment on your part, or any such personal emotion on your part, enter into your deliberations or affect your verdict in this case.

In your deliberations, you must not relate to your fellow jurors any personal experience of your own, nor shall you relate any occurrence, happening or event known to you, and not shown by the evidence in this case. And you shall not speculate on, nor concern yourself with matters not shown by the evidence in this case and about which you are not called upon to make any decision. In all of your deliberations, you will confine yourselves strictly to the evidence introduced before you in this trial under the rulings of the Court, and the definitions and instructions given to you by the Court. If any member of the jury attempts a violation of these instructions, the other members shall stop them at once. If the juror persists in the violation, the Foreperson shall immediately report that fact to the Court.

You are the exclusive judges of the facts proved, of the credibility of the witnesses, and the weight to be given to their testimony, but in matters of law you must be governed by the instructions, definitions, and the rulings of the Court.

You shall have this written charge with you when you go to the jury room.

Upon your written request therefore, any exhibits admitted as evidence in this case will be furnished to you.

_____
JUDGE

JURY VERDICT

We, the Jury, find the Defendant, Bobby Joe Buckner, guilty of the offense of Aggravated Sexual Assault of a Child, as charged in the indictment.

_____
Foreperson

\* \* \*

We, the Jury, find the Defendant, Bobby Joe Buckner, not guilty of the offense of Aggravated Sexual Assault of a Child, as charged in the indictment.

_____
Foreperson

69



CASE NO. 2009-385-C2     COUNT NA
INCIDENT NO./TRN: 9174076809

THE STATE OF TEXAS

FILED
15 Day of July, 2011
at 12:37 o'clock P M
KAREN C. MATKIN
DISTRICT CLERK
McLennan County, Texas
_____
Deputy

V.

BOBBY JOE BUCKNER

STATE ID NO.: TX5976553

§
§
§
§
§
§
§

IN THE 54TH DISTRICT

COURT

MCLENNAN COUNTY, TEXAS

## JUDGMENT OF CONVICTION BY JURY

| Judge Presiding: | HON. GEORGE ALLEN | Date Judgment Entered: | 7/15/2011 |
|---|---|---|---|
| Attorney for State: | STACI SMITH AND HILARY LABORDE | Attorney for Defendant: | JOHN DONAHUE |

Offense for which Defendant Convicted:
**AGGRAVATED SEXUAL ASSAULT OF A CHILD**

| Charging Instrument: | Statute for Offense: |
|---|---|
| INDICTMENT | 22.021 Penal Code |

Date of Offense:
**4/28/2000**

| Degree of Offense: | Plea to Offense: |
|---|---|
| 1ST DEGREE FELONY | NOT GUILTY |

| Verdict of Jury: | Findings on Deadly Weapon: |
|---|---|
| GUILTY | N/A |

| Plea to 1st Enhancement Paragraph: | TRUE | Plea to 2nd Enhancement/Habitual Paragraph: | N/A |
|---|---|---|---|
| Findings on 1st Enhancement Paragraph: | TRUE | Findings on 2nd Enhancement/Habitual Paragraph: | N/A |

| Punished Assessed by: | Date Sentence Imposed: | Date Sentence to Commence: |
|---|---|---|
| COURT | 7/15/2011 | 7/15/2011 |

| Punishment and Place of Confinement: | 50 YEARS INSTITUTIONAL DIVISION, TDCJ |
|---|---|

THIS SENTENCE SHALL RUN **CONCURRENTLY.**

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR **N/A** .

| Fine: | Court Costs: | Restitution: | Restitution Payable to: |
|---|---|---|---|
| $ 0.00 | $777.25 | $ N/A | ☐ VICTIM (see below)  ☐ AGENCY/AGENT (see below) |

☒ Attachment A, Order to Withdraw Funds, is incorporated into this judgment and made a part hereof.

Sex Offender Registration Requirements do not apply to the Defendant. TEX. CODE CRIM. PROC. chapter 62.
The age of the victim at the time of the offense was **N/A** .

| | If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order. | | | | |
|---|---|---|---|---|---|
| Time Credited: | From 1/8/2009 to 1/9/2009 | From 3/18/2009 to 3/18/2009 | From | to | |
| | From        to | From        to | From        to | | |
| | If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below. | | | | |
| | **N/A DAYS**     NOTES: N/A | | | | |

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.
This cause was called for trial in McLennan County, Texas. The State appeared by her District Attorney.
**Counsel / Waiver of Counsel (select one)**
☒ Defendant appeared in person with Counsel.
☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.
     It appeared to the Court that Defendant was mentally competent and had pleaded as shown above to the charging instrument. Both parties announced ready for trial. A jury was selected, impaneled, and sworn. The INDICTMENT was read to the jury, and Defendant entered a plea to the charged offense. The Court received the plea and entered it of record.

70



The jury heard the evidence submitted and argument of counsel. The Court charged the jury as to its duty to determine the guilt or innocence of Defendant, and the jury retired to consider the evidence. Upon returning to open court, the jury delivered its verdict in the presence of Defendant and defense counsel, if any.

The Court received the verdict and ORDERED it entered upon the minutes of the Court.

**Punishment Assessed by Jury / Court / No election  (select one)**

☐ **Jury.** Defendant entered a plea and filed a written election to have the jury assess punishment. The jury heard evidence relative to the question of punishment. The Court charged the jury and it retired to consider the question of punishment. After due deliberation, the jury was brought into Court, and, in open court, it returned its verdict as indicated above.

☒ **Court.** Defendant elected to have the Court assess punishment. After hearing evidence relative to the question of punishment, the Court assessed Defendant's punishment as indicated above.

☐ **No Election.** Defendant did not file a written election as to whether the judge or jury should assess punishment. After hearing evidence relative to the question of punishment, the Court assessed Defendant's punishment as indicated above.

The Court FINDS Defendant committed the above offense and ORDERS, ADJUDGES AND DECREES that Defendant is GUILTY of the above offense. The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court ORDERS Defendant punished as indicated above. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

**Punishment Options  (select one)**

☒ **Confinement in State Jail or Institutional Division.** The Court ORDERS the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the **Director, Institutional Division, TDCJ.** The Court ORDERS Defendant to be confined for the period and in the manner indicated above. The Court ORDERS Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court ORDERS that upon release from confinement, Defendant proceed immediately to the      . Once there, the Court    ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **County Jail—Confinement / Confinement in Lieu of Payment.** The Court ORDERS Defendant immediately committed to the custody of the Sheriff of        County, Texas on the date the sentence is to commence. Defendant shall be confined in the County Jail for the period indicated above. The Court ORDERS that upon release from confinement, Defendant shall proceed immediately to the      . Once there, the Court    ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a **FINE ONLY.** The Court ORDERS Defendant to proceed immediately to the Office of the        County . Once there, the Court ORDERS Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

**Execution / Suspension of Sentence  (select one)**

☒ The Court ORDERS Defendant's sentence EXECUTED.

☐ The Court ORDERS Defendant's sentence of confinement SUSPENDED. The Court ORDERS Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court ORDERS that Defendant is given credit noted above on this sentence for the time spent incarcerated.

## **Furthermore, the following special findings or orders apply:**

The Court assesses all court appointed attorney's fees, investigator's fees, and interpreter's fees as costs in this cause and Orders the defendant to pay the same.

**Signed and entered on July 15, 2011**

GEORGE ALLEN
JUDGE PRESIDING

| RIGHT THUMBPRINT | Defendant's signature |
|---|---|
| | *Bobby Buckner* |
| | Officer's signature |
| | |
| | Date: 7-18-11 |

BUCKNER,BOBBY JOE                    CAUSE NO: 20090385C2    ACTION NO:  0 CASE TYPE: CRIMINAL

                              L I S T   O F   F E E S

        CODE FEE DESCRIPTION      QTY     FEE AMOUNT  REMARKS      CT COST

FEE NO:    1  BILLED  3/23/2009 TO BUCKNER,BOBBY JOE

    WFSO WARRNT FEE-SO        001        100.00                    C
    SBND SHERIFF'S BOND FEE   001         40.00                    C
    SRCF RELS/COMMIT FEE      001         10.00                    C
    SWRT SHERIFF SERVE WRIT   001         35.00                    C


    TOTAL FEE:      185.00    COURT COST:     185.00    OTHER:       0.00
    TOTAL PAID:       0.00    LAST PAID:              AMOUNT DUE:   185.00

        CODE FEE DESCRIPTION      QTY     FEE AMOUNT  REMARKS      CT COST

FEE NO:    2  BILLED  7/21/2011 TO BUCKNER,BOBBY JOE

    FCRM CRIMINAL FILING FEE  001        197.25                    C
    JURC JURY FEE - CRIMINAL  001         20.00                    C
    DNA  DNA TESTING FEE      001        250.00                    C
    CAPP CHILD ABUSE PREV PGM 001        100.00                    C


    TOTAL FEE:      567.25    COURT COST:     567.25    OTHER:       0.00
    TOTAL PAID:       0.00    LAST PAID:              AMOUNT DUE:   567.25

        CODE FEE DESCRIPTION      QTY     FEE AMOUNT  REMARKS      CT COST

FEE NO:    3  BILLED  7/21/2011 TO BUCKNER,BOBBY JOE

    TPMT TIME PMT (>31 DAYS)  001         25.00                    C

    TOTAL FEE:       25.00    COURT COST:      25.00    OTHER:       0.00
    TOTAL PAID:       0.00    LAST PAID:              AMOUNT DUE:    25.00

    RECAPITULATION BY FEE CODE

CODE DESCRIPTION          COURT COST        OTHER

CAPP CHILD ABUSE PREV PGM     100.00         0.00
DNA  DNA TESTING FEE          250.00         0.00
FCRM CRIMINAL FILING FEE      197.25         0.00
JURC JURY FEE - CRIMINAL       20.00         0.00
SBND SHERIFF'S BOND FEE        40.00         0.00
SRCF RELS/COMMIT FEE           10.00         0.00
SWRT SHERIFF SERVE WRIT        35.00         0.00
TPMT TIME PMT (>31 DAYS)       25.00         0.00
WFSO WARRNT FEE-SO            100.00         0.00


        TOTAL                 777.25         0.00

BUCKNER,BOBBY JOE                   CAUSE NO: 20090385C2      ACTION NO:  0 CASE TYPE: CRIMINAL

L I S T   O F   F E E S

RECAPITULATION BY FEE CODE

CODE DESCRIPTION           COURT COST         OTHER

* NO DISBURSEMENTS ON FILE - CHECK FEE BOOK *

          TOTAL COST: DUE -       777.25    PAID -       0.00    BAL -     777.25
          TOTAL FINE: DUE -         0.00    PAID -       0.00    BAL -       0.00
          TOTAL REST: DUE -         0.00    PAID -       0.00    BAL -       0.00

Cause No. 2009-385-C2

| STATE OF TEXAS | IN THE 54TH DISTRICT COURT |
|---|---|
| V. | OF |
| BOBBY JOE BUCKNER | McLENNAN COUNTY, TEXAS |

## ORDER TO WITHDRAW FUNDS

TO:  INMATE TRUST ACCOUNT, TEXAS DEPARTMENT OF CRIMINAL JUSTICE

COPY TO DEFENDANT:  **BOBBY JOE BUCKNER**

SID #: 5976553

GREETINGS:

THE ABOVE named Texas Department of Criminal Justice offender has of this date been assessed court costs, fees and/or fines and/or restitution in the 54th District Court of McLennan County, Texas, in the above entitled cause in accordance with the sentence imposed as reflected in the judgment to which this Order is attached.  The Court finds that the offender is unable to pay the court costs, fees and/or fines and/or restitution on this date and that the funds should be withdrawn from the offender's Inmate Trust Account.  Court costs, fees and/or fines and/or restitution have been incurred in the amount of $ 777.25 .

THE COURT ORDERS that payment be made out of the offender's Inmate Trust Account as follows:
Pay an initial amount equal to the lesser of:
(1)  15% of the account balance up to and including $100, plus 25% of any portion of the account balance that is between $100.01 and $500 inclusive, plus 50% of any portion of the account balance that is more than $500; or
(2)  The total amount of court costs, fees and/or fines and/or restitution that remains unpaid.
After the payment of the initial amount, the offender shall pay an amount equal to the lesser of:
(1)  10% of each deposit in the offender's Inmate Trust Account; or
(2)  The total amount of court costs, fees and/or fines and/or restitution that remains unpaid.
Payments are to continue until the total amount of the court costs, fees and/or fines and/or restitution are paid, or the offender is released from confinement.

On receipt of a copy of this Judgment, the department (Inmate Trust Account) shall withdraw money from the trust account of the offender, hold same in a separate account, and shall forward said money to the McLennan County District Clerk, P. O. Box 2451, Waco, TX 76703 on the earlier of the following dates:
(1) Monthly
(2) The date the total amount to be forwarded equals the total amount which remains unpaid;
        or
(3) The date the offender is released.

THE COURT ENTERS THIS ORDER as a part of the Judgment and Sentence of this Court and pursuant to Government Code, Section 501.014, on July 18, 2011.

JUDGE PRESIDING

74

NO. 2009-0385-C2

FILED
15 Day of July, 2011
at 12:37 o'clock P M
KAREN C. MATKIN
DISTRICT CLERK
McLennan County, Texas
By _____
Deputy

THE STATE OF TEXAS

VS.

*Bobby Joe Buckner*

IN THE 54TH DISTRICT COURT

OF

McLENNAN COUNTY, TEXAS

## TRIAL COURT'S CERTIFICATION OF DEFENDANT'S RIGHT OF APPEAL

I, Judge of the trial court, certify this criminal case:

- ☒ is not a plea-bargain case, and the defendant has the right of appeal. [OR]
- ☐ is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal. [OR]
- ☐ is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal. [OR]
- ☐ is a plea-bargain case, and the defendant has NO right of appeal. [OR]
- ☐ the defendant has waived the right of appeal.

_George Allen_                                    7-15-11
Judge                                             Date Signed

I, the defendant, have received a copy of this certification. I have also been informed of my rights concerning any appeal of this criminal case, including any right to file a *pro se* petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure. I have been admonished that my attorney must mail a copy of the court of appeals's judgment and opinion to my last known address and that I have only 30 days in which to file a *pro se* petition for discretionary review in the court of appeals. Tex. R. App. P. 68.2. I acknowledge that, if I wish to appeal this case and if I am entitled to do so, it is my duty to inform my appellate attorney, by written communication, of any change in the address at which I am currently living or any change in my current prison unit. I understand that, because of appellate deadlines, if I fail to timely inform my appellate attorney of any change in my address, I may lose the opportunity to file a *pro se* petition for discretionary review.

_Bobby Buckner_
Defendant

Mailing address:

_____

_____
Telephone #:

_John D. _____
Defense Attorney
SBOT # 05968300

Mailing Address:

_204 N. 6th St._

_Waco TX 76701_
Telephone #: _752-9090_

Fax #: _753-1237_

*A defendant in a criminal case has the right of appeal under these rules. The trial court shall enter a certification of the defendant's right to appeal in every case in which it enters a judgment of guilt or other appealable order. In a plea bargain case— that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only:(A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." TEXAS RULE OF APPELLATE PROCEDURE 25.2(a)(2).

*Effective September 1, 2007*



0 8 1 7 6 1 1 0 1

75



2013 JUL 12 AM 8 20
FILED
KAREN C. MATKIN
DISTRICT CLERK
McLENNAN CO., TX.
DEPUTY

# IN THE
# TENTH COURT OF APPEALS

## No. 10-11-00277-CR

**BOBBY JOE BUCKNER,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 54th District Court
### McLennan County, Texas
### Trial Court No. 2009-385-C2

## MEMORANDUM OPINION

A jury convicted Appellant Bobby Joe Buckner of aggravated sexual assault of a child, and the trial court assessed his punishment at fifty years' imprisonment. This appeal ensued.

### Sufficiency of the Evidence

In his first issue, Buckner contends that the evidence is insufficient to prove that he committed an aggravated sexual assault.

The Court of Criminal Appeals has expressed our standard of review of a



1 2 4 5 3 9 8 4 1

sufficiency issue as follows:

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011), *cert. denied*, 132 S.Ct. 2712 (2012).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson*, 443 U.S. at 326. Further, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper*, 214 S.W.3d at 13. Finally, it is well established that the factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

As limited by the indictment, a person commits the offense of aggravated sexual

Buckner v. State                                                                                           Page 2

assault if (1) he intentionally or knowingly: "(i) causes the penetration of the anus or female sexual organ of a child by any means; [or] . . . (iii) causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor"; and (2) the victim is younger than fourteen years of age. Act of May 28, 1999, 76th Leg., R.S., ch. 417, § 1, 1999 Tex. Gen. Laws 2752, 2752 (amended 2003) (current version at TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i) & (iii), (2)(B) (West Supp. 2012)).

The evidence presented in this case, viewed in the light most favorable to the verdict, is as follows: Waco Police Detective Maria Bucher, who is assigned to the Crimes Against Children Unit, testified that she interviewed A.L. in 2008, when A.L. was fifteen years old, regarding an alleged sexual assault. A.L. seemed comfortable talking to her and was very straightforward in her answers to questions. Detective Bucher recalled that when they talked about what had happened to A.L., A.L. became very emotional to the point that her voice was quivering. Detective Bucher stated that A.L.'s behaviors seemed appropriate given the nature of the allegations she was making.

Through a conversation with A.L.'s mother, Detective Bucher had discovered that the first person A.L. told about the incident was A.L.'s grandmother, whom Detective Bucher also interviewed. Detective Bucher stated that in her interviews with A.L.'s mother and grandmother, she was not given the impression that they were just trying to get Buckner in trouble. Detective Bucher said that the outcry in this case was not immediate but that that did not concern her because it is not uncommon. Detective

Bucher was also unable to retrieve any scientific evidence in her investigation but explained that neither is that unusual. Detective Bucher ultimately obtained an arrest warrant for Buckner.

A.L., who was eighteen years old at the time of trial, testified that when she was seven years old and in the first grade, her mother dated Buckner. One afternoon in April 2000, when A.L. was seven, Buckner picked her up from school and took her home to her apartment. She did not remember ever being alone with Buckner before that time. They were watching cartoons in the living room when Buckner asked her if she could keep a secret. She knew that her mother did not usually allow her to have candy, so she thought that was what he was talking about. She asked Buckner if she could have some candy, and he said that she could. She got some candy and returned, and they continued to watch television. At some point, Buckner had A.L. lay down in the living room. She had been born with a bladder condition that still required her to see an urologist, so she assumed that Buckner was making her lay down to help her. Buckner then started undoing and pulling down her skort. The living room windows were partially open, so A.L. became embarrassed and said something like "not in here." Buckner then told her to go into the bathroom, take off her clothes, and meet him in the bedroom of the single-bedroom apartment.

A.L. testified that she went to the bathroom and then met Buckner in the bedroom. Buckner was at the foot of the bed and told her to lie down. A.L. complied. Buckner knelt on the bed and spread her legs. She asked him if he could help her with her bladder problem, and he replied that he could. Buckner then unfastened his pants

and pulled out his penis. A.L. looked away. A.L. stated that, based on what she knows now, she would describe their interaction as intercourse, meaning penetration. She stated that Buckner put his penis inside her vagina. A.L. said that when she got up to get dressed, she felt pain between her legs and in her lower abdomen. When asked on cross-examination if she did not remember exactly what happened, A.L. replied that she recalled some of it and that she recalled the sensations afterward so "it was pretty apparent what had taken place." She stated that Buckner must have penetrated her because the pain was so excruciating afterward that she blocked it.

A.L. testified that after the incident, they went and picked her mother up from work. A.L. did not tell her mother what had happened at that point, and the relationship between Buckner and her mother did not last much longer. A.L. did not testify to any other sexual encounters with Buckner, but she remembered an occasion when she was sitting in a truck between Buckner and her mother, and he pulled out a pocketknife and was showing it to her mother. He held the pocketknife in front of her face. She was scared and felt as though he was threatening her. Buckner did not say anything to her at that time, but at some point, he did tell her not to tell her mother what had happened.

A.L. testified that she was very close to her grandmother because her grandmother helped raise her in place of her father. A.L. told her grandmother part of what had happened with Buckner in October of the next year. She told her grandmother only that Buckner had touched her inappropriately. Her grandmother then told A.L.'s mother. When A.L. was fourteen years old, she finally told everything

that had happened with Buckner to her boyfriend R.S. R.S. encouraged her to tell her mother and grandmother. A.L. said that a week or two later, she told her grandmother and mother that there had actually been intercourse with Buckner. A.L. did not want to report it to the police, but after her grandmother "badgered [her] for a year" about it, she agreed to report it to the police.

Sanya, A.L.'s mother, testified that A.L., her only child, had some medical issues as a child. A.L.'s bladder was too small for her body, which caused her to have urinary tract infections (UTIs) and accidents. Except for the UTIs, however, A.L. had no other pain associated with her bladder problem. A.L. saw urologists frequently, and she was used to taking off her clothes and putting on a gown when she saw the doctor.

Sanya testified that she met Buckner around the end of March 2000. They began dating, and she introduced him to A.L. and her mother a couple of weeks later. She gave Buckner her key to the apartment, and he stayed there during the day when he was not working. She thought she allowed Buckner to pick A.L. up from school "about two times." She never used Buckner as a babysitter, and if he picked A.L. up from school, they were supposed to immediately pick her up from work. She did not know that Buckner was ever alone at the apartment with A.L. Sanya and Buckner ended their relationship at the beginning or middle of May.

Sanya recalled that at the end of April or beginning of May, A.L. did not want to be at the apartment anymore and wanted to stay with her grandmother all the time. A.L. also told Sanya that she did not want to see a male doctor anymore, so Sanya found her a female doctor. As A.L. got older, she started dressing in darker colors and

was getting more depressed and unhappy. At the recommendation of a physician, A.L. began seeing a therapist when she was about eight or nine years old. She was diagnosed with ADHD and depression and was prescribed medication. A.L. tried to commit suicide a few times. Sanya also discovered that A.L. was cutting herself.

Sanya testified that about a year and a half after she and Buckner had ended their relationship, her mother told her that something had happened between Buckner and A.L. Sanya asked A.L. if it was true, and A.L. said that Buckner had touched her inappropriately. Sanya asked A.L. if Buckner had done more than touch her, and A.L. said no. Sanya did not push A.L. to talk about it because A.L. did not want to talk about it. Sanya encouraged A.L. to talk to her therapist about it, but A.L. did not. Sanya did not go to the police at that time because A.L. did not want to tell the police. Sanya also knew that Buckner was no longer in Texas, so she felt like the threat had been removed.

Sanya testified that after A.L. started dating R.S. when she was about fourteen or fifteen, A.L. finally told Sanya and Sanya's mother that Buckner had "raped" her. Sanya took that to mean that Buckner had forced sex on her. A.L. said that she had been afraid to tell Sanya or Sanya's mother because Buckner had threatened to hurt them. Sanya knew that A.L. had seen Buckner's pocketknife. Sanya wanted A.L. to go to the police, but A.L. would not go because she did not want to talk about it. About a year later in 2008, however, Sanya was able to talk A.L. into going to the police.

Margaret, A.L.'s grandmother, testified that she first met Buckner in late March or early April and told him that she did not approve of him. Margaret stated that he

Buckner v. State                                                                 Page 7

"just felt evil." Margaret did not think that A.L. ever heard her say that she did not approve of Buckner, but she did not know for sure. She thought Sanya dated Buckner for about a month and a half.

Margaret testified that in October 2001, she and A.L. were watching a scary movie when A.L. said, "I have something to tell you." A.L. told her that Buckner had touched her inappropriately. Margaret stated that she "freaked" and started crying. She asked A.L. when it had happened, and A.L. said it had been about a year. Margaret asked A.L. why she had not said something before, and A.L. responded that Buckner said that he would kill her, Sanya, and Margaret. A.L. told Margaret that Buckner always had a knife that he would put where she could see it. Margaret asked A.L. if Buckner had raped her, but A.L. would not tell her. Margaret wanted to call the police, but A.L. did not want her to. Margaret told Sanya about what A.L. had told her, and Sanya talked to A.L. about it. At some point after A.L. made her initial outcry to Margaret, one of A.L.'s pediatricians asked whether anyone had touched A.L. inappropriately, and Margaret said "no."

Margaret testified that when A.L. was fourteen, Margaret found out that Buckner had raped A.L. A.L. had told Sanya about it shortly after she had told her boyfriend. Margaret had tried to get A.L. to go to the police, but she would not go.

Dr. William Lee Carter testified that he is a psychologist but that he had not provided counseling or therapy to A.L. He was asked by the prosecutor to observe A.L. while she testified. Among other things, Dr. Carter stated that A.L.'s depiction of the incident with Buckner was classic of dissociation. He explained that when a child is in

the midst of trauma for which he or she was completely unprepared, the child may zone out as a means of pushing through the situation. Dr. Carter stated that that helps explain why A.L. does not remember the details after she was naked and lying on the bed. Furthermore, Dr. Carter testified that it is common for children who have been sexually abused to tell some of what happened to them and then wait to tell the rest of the story after years had gone by, just as A.L. did.

Dr. Deborah Brock, a clinical psychologist, testified that she treated A.L. from January 2004 to September 2005. In discussing A.L.'s history during intake, Sanya informed Dr. Brock that A.L. had been touched inappropriately "several years before." Dr. Brock later confronted A.L. with the information. A.L. affirmed it but did not elaborate. Dr. Brock specifically inquired whether the incident involved intercourse or oral sex, and A.L. denied both. Dr. Brock did not recall A.L. making allegations of sexual abuse against anyone else.

Dr. Brock testified that she and A.L. developed a "fair relationship" during the course of A.L.'s treatment. She thought that A.L. felt comfortable with her. A.L. knew that Dr. Brock would occasionally discuss what happened during the sessions with Sanya and Margaret. But A.L. did talk to Dr. Brock about problems she had with boys, with Sanya, with Margaret, with school, and with herself.

Buckner argues that the foregoing evidence is insufficient to prove contact or penetration of A.L.'s vagina by or with his penis and that, therefore, the evidence at best supports a conviction only for indecency with a child by contact, namely, that he

touched A.L.'s vagina with his hand.[1]  In support of this argument, Buckner points to

the fact that A.L. made no allegation of sexual abuse until a year and a half after he

allegedly sexually assaulted her and that, even then, she only alleged that he touched

her inappropriately.  Buckner also emphasizes that A.L. did not allege that he "raped"

her until sometime in 2007, seven years after he allegedly sexually assaulted her, even

though she had received psychological treatment that specifically addressed sexual

abuse.  Buckner stresses that A.L.'s testimony was also very vague on the issue of

penetration.  Finally, Buckner claims that Margaret strongly disliked him and therefore

had a strong motive to persuade A.L. to make false allegations against him.

The jury is the exclusive judge of the facts, the credibility of the witnesses, and

the weight to be given to the witnesses' testimony. *Jaggers v. State*, 125 S.W.3d 661, 672

(Tex. App.—Houston [1st Dist.] 2003, pet. ref'd).  A jury may believe all, some, or none

of any witness's testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).

Here, A.L. testified to all of the elements of the offense, and, by finding Buckner guilty,

the jury obviously believed A.L.'s testimony and rejected Buckner's arguments.  As the

reviewing court, we "should not substantially intrude upon the jury's role as the sole

judge of the weight and credibility of witness testimony." *Vasquez v. State*, 67 S.W.3d

229, 236 (Tex. Crim. App. 2002).

Viewing all the evidence in the light most favorable to the verdict, we thus

---

[1] The former version of section 21.11 of the Penal Code entitled "Indecency With a Child" provided in pertinent part:  "A person commits an offense if, with a child younger than 17 years and not his spouse, whether the child of the same or opposite sex, he . . . engages in sexual contact with the child."  Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3616 (amended 2001 & 2009) (current version at TEX. PENAL CODE ANN. § 21.11(a)(1) (West 2011)).

conclude that a rational trier of fact could have found Buckner committed the offense of aggravated sexual assault beyond a reasonable doubt. We overrule Buckner's first issue.

### Dr. Brock's Testimony

In his second issue, Buckner contends that the trial court abused its discretion in admitting Dr. Brock's testimony regarding A.L.'s sexual abuse allegations under Rule of Evidence 803(4) because the statements were made to Dr. Brock by a third-party declarant.

In a hearing outside the jury's presence, Dr. Brock testified as follows:

Q     (BY [Prosecutor]) I believe the question that I was just trying to ask you is, um, did you learn anything about a sexual abuse history that [A.L.] had experienced?

A     Yes. I was told that there was, um, some touching and -- by the mother's boyfriend, um, two or three years before I had seen her, because I saw her when I think she was 10. And, um --

Q     Who provided that information to you?

A     Um, mother did.

Q     Was that information provided in furtherance of treatment for [A.L.]?

A.     Yes. It was part of the treatment history. I mean, as far as the person's history.

Q     Was that also provided as information you could use in treating the family unit and the problems that they were experiencing?

A     Sure.

Q     Is that information that you needed in order to properly treat both [A.L.], Margaret and Sanya []?

A    Yes.

Q    Did she -- oh, did [A.L.] confirm to you at any point during your treatment of the family that she had been touched by her mother's boyfriend?

A    Yes.

Q    She was not the source of the information originally. Did you have to confront her with that at some time during her treatment?

A    Yes.

Q    Did she ever elaborate and provide further details with you?

A    No.

Buckner made the following objection:

> Well, the objection, Judge, is that it's now we basically have hearsay upon hearsay. We have -- you know, they're offering this on a medical exception -- the medical exception to the hearsay rule, but it's a statement made by the mother to the -- the psychologist about what the child has told her. So it's not only -- it's double hearsay as well.

The trial court overruled the objection, and Dr. Brock testified to the foregoing in the jury's presence.

Even if we conclude that Dr. Brock's testimony in the foregoing exchange was inadmissible hearsay, we hold that Buckner was not harmed by admission of the testimony. The admission of otherwise inadmissible hearsay is non-constitutional error, which we disregard if the error did not affect the appellant's substantial rights. TEX. R. APP. P. 44.2(b); *Moon v. State*, 44 S.W.3d 589, 594-95 (Tex. App.—Fort Worth 2001, pet. ref'd). A substantial right is affected when the error had a substantial and injurious effect or influence on the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim.

App. 1997).

The outcome of this case turned on A.L.'s credibility, which was not strengthened by Dr. Brock's statement. Furthermore, A.L. and Margaret both testified that in October 2001 A.L. told Margaret that Buckner had touched A.L. inappropriately and that Margaret had then told Sanya about it. Sanya confirmed in her testimony that about a year and a half after she and Buckner had ended their relationship, Margaret told her that something had happened between Buckner and A.L. Sanya asked A.L. if it was true, and A.L. said that Buckner had touched her inappropriately. In light of this testimony, we cannot conclude that Dr. Brock's mere statement that, at the outset of her treatment of A.L., Sanya told her that one of her former boyfriends had inappropriately touched A.L. had a substantial and injurious effect or influence on the jury's verdict.

Therefore, we conclude that even if the trial court erred in admitting Dr. Brock's testimony as stated above, the error did not affect Buckner's substantial rights. *See* TEX. R. APP. P. 44.2(b). We overrule Buckner's second issue.

### Conclusion

Having overruled both of Buckner's issues, we affirm the trial court's judgment.


REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed July 11, 2013
Do not publish
[CRPM]

THIS IS TO CERTIFY THAT THIS IS A
TRUE AND CORRECT COPY.

TENTH COURT OF APPEALS
SHARRI ROESSLER, CLERK

BY _____
              DEPUTY

MANDATE

FILED

2013 NOV 21 AM 10: 43

KAREN C. MATKIN
DISTRICT CLERK
MCLENNAN CO. TX

THE STATE OF TEXAS

TO THE 54TH DISTRICT COURT OF MCLENNAN, COUNTY GREETING:

Before our Court of Appeals on the 19th day of November A.D. 2013, the cause upon appeal to revise or reverse the judgment between

BOBBY JOE BUCKNER, Appellant(s)

Trial Court No. 2009-385-C2                    and
Court of Appeals No. 10-11-00277-CR

THE STATE OF TEXAS, Appellee(s)

·was determined; and therein our said Court of Appeals made its order in these words:

This cause came on to be heard on the transcript of the record of the Court below, and the same being considered, because it is the opinion of this Court that there was no error in the judgment, it is ordered, adjudged and decreed by the Court that the judgment be in all things affirmed, and that the appellant pay all costs in this behalf expended and that this decision be certified below for observance.

WHEREFORE WE COMMAND YOU to observe the order of our said Court of Appeals in this behalf, and in all things to have it duly recognized, obeyed and executed.

WITNESS the Hon. TOM GRAY, Chief Justice of our said Court of Appeals for the Tenth District of Texas, with the seal thereof annexed, at the City of Waco, the 19th day of November A.D. 2013.

Sincerely,

SHARRI ROESSLER, CLERK

By: _Nell Hegefeld_
Nell Hegefeld, Deputy Clerk

1 3 5 1 7 8 1 6 1

90



**Tenth Court of Appeals**
McLennan County Courthouse
501 Washington Avenue, Rm. 415
Waco, Texas 76701-1373

OFFICIAL BUSINESS
**STATE OF TEXAS**
STATE PENALTY
FOR PRIVATE USE



UNITED STATES POSTAGE
PITNEY BOWES
02 1P        $ 000.46⁰
0003147729    NOV 19 2013
MAILED FROM ZIP CODE 76701

HON. KAREN C. MATKIN
DISTRICT CLERK, MCLENNAN COUNTY
P.O. BOX 2451
WACO, TX 76703-2451

CAUSE NO: 20090385C2    FILE DATE: 03/11/2009 STATE OF TEXAS VS BUCKNER,BOBBY JOE
OFFENSE: AGGRAVATED SEXUAL ASSAULT OF A CHILD                    DA: SMITH,STACI J


      PARTIES TO THE CASE          P/D    ATTORNEY


   02 BUCKNER,BOBBY JOE                D 01 DONAHUE,J

| DATE | PARTY | ORDER OF THE COURT |
|---|---|---|
| 3/11/2009 | | INDICTMENT |
| 3/11/2009 | | CAPIAS ISSUED & DELIVERED TO SHERIFF |
| 3/11/2009 | | WRIT ISSUED & DELIVERED TO SHERIFF |
| 3/11/2009 | | LTR NOTIFYING ATTY & BONDSMAN OF ARRAIGNMENT DATE 3-27-09 |
| 3/20/2009 | | ($185 BILLED FOR SO FEES) |
| 3/20/2009 | | CAPIAS RETURNED AND FILED SHOWING SERVICE |
| | | ON  BUCKNER,BOBBY JOE ON  3/18/2009 |
| | | ** SERVED TO SAME ** |
| | | BY SHERIFF COUNTY OF MCLENNAN,TX |
| 3/20/2009 | | WRIT RETURNED AND FILED SHOWING SERVICE |
| | | ON  BUCKNER,BOBBY JOE ON  3/18/2009 |
| | | ** SERVED TO SAME ** |
| | | BY SHERIFF COUNTY OF MCLENNAN,TX |
| 3/23/2009 | | BAIL BOND IN THE SUM OF $25000 (HILL BAIL BONDS-03/18/09) |
| 3/26/2009 | | WAIVER OF ARRAIGNMENT- J. DONAHUE |
| 5/13/2009 | | FAX FROM COURT TO TANEY COUNTY JAIL |
| 8/06/2009 | | LETTER OF REPRESENTATION- J. DONAHUE |
| 8/06/2009 | | FINANCIAL AFFDIAVIT - HAS ATTY - J DONAHUE |
| 3/09/2010 | | MASS ORDER OF TRANSFER TO 54TH |
| 6/14/2010 | | LTR TO B.TOBEN-REQUEST PURSUANT TO RULE 404(B) |
| 6/14/2010 | | LTR TO B.TOBEN-REQUEST PURSUANT TO RULE 609 |
| 6/14/2010 | | LTR TO B.TOBEN-REQUEST PURSUANT TO ART.37.07 3G |
| 6/14/2010 | | MOTION FOR DISCLOSURE OF STATE'S EXPERT WITNESSES |
| 6/14/2010 | | DEFENDANT'S MOTION PURSUANT TO BRADY VS. MARYLAND FOR |
| | | PRODUCTION OF EXCULPATORY EVIDENCE |
| 6/15/2010 | | STATE SUBPOENA APPLICATION |
| 6/15/2010 | | STATE SUBPOENA & RTN ON J.BRANCH SVD 6/15/10 |
| 6/17/2010 | | REQ PURSUANT TO ART 38.37,CODE OF CRIMINAL PROCEDURE |
| 7/15/2010 | | REQUEST FOR PRIORITY SETTING & ORDER SETTING HEARING 1/31/11 |
| 12/09/2010 | | REQUEST & ORDER FOR PRIORITY SETTING |
| 6/24/2011 | | STATE SUBPOENA APPLICATION |
| 6/24/2011 | | NOTICE OF EXPERTS |
| 6/27/2011 | | STATE SUBPOENA APPLICATION |
| 6/27/2011 | | STATE SUBPOENA & RTN ON L UNDERBERG  SVD 6-27-11 |
| 6/27/2011 | | STATE SUBPOENA APPLICATION |
| 6/27/2011 | | NOTICE OF INTENTION TO USE CHILD ABUSE VICTIM'S HEARSAY |
| | | STATEMENT |
| 6/27/2011 | | STATE SUBPOENA & RTN M.BUCHER  SVD 6/27/11 |
| 6/29/2011 | | STATE SUBPOENA & RTN ON K TANNER  SVD 6-27-11 |
| 6/29/2011 | | STATE SUBPOENA & RTN ON A LOPEZ  SVD 6-27-11 |
| 6/29/2011 | | STATE SUBPOENA & RTN FOR C.DISNEY SVD 6/27/11 |
| 6/29/2011 | | STATE SUBPOENA & RTN FOR M.LOPEZ SVD 6/27/11 |
| 6/29/2011 | | STATE SUBPOENA & RTN FOR CUSTODIAN OF RECORDS, TX YOUTH |
| | | COMMISSION  SVD 6/28/11 |

CAUSE NO: 20090385C2    FILE DATE: 03/11/2009 STATE OF TEXAS VS BUCKNER,BOBBY JOE
OFFENSE: AGGRAVATED SEXUAL ASSAULT OF A CHILD                    DA: SMITH,STACI J

| | |
|---|---|
| 6/29/2011 | STATE SUBPOENA & RTN FOR S.LOPEZ  SVD 6/27/11 |
| 7/07/2011 | NOTICE OF INTENTION TO USE EXTRANEOUS OFFENSES & PRIOR CONVICTIONS |
| 7/07/2011 | STATE SUBPOENA & RTN FOR D. BROCK SVD 07/07/11 |
| 7/11/2011 | STATE SUBPOENA & RTN FOR R. SAMUDIO SVD 06/29/11 |
| 7/11/2011 | STATE SUBPOENA & RTN FOR S. LESSMAN SVD 06/29/11 |
| 7/11/2011 | AMENDED NOTICE OF EXPERTS |
| 7/12/2011 | NOTICE OF INTENT TO ENHANCE PUNISHMENT RANGE |
| 7/13/2011 | DEFENSE SUBPOENA APPLICATION |
| 7/13/2011 | JUDGE'S WORK PRODUCT |
| 7/14/2011 | STATE SUBPOENA APPLICATION |
| 7/14/2011 | DEFENSE SUBPOENA & RTN FOR CUSTODIAN OF RECORDS-ST.ALBAN'S MEMORIAL SCHOOL - SVD 7/14/11 |
| 7/14/2011 | STATE SUBPOENA & RTN FOR K.TANNER SVD 7/14/11 |
| 7/15/2011 | ARRAIGNMENT ORDER- NOT GUILTY |
| 7/15/2011 | JURY LIST |
| 7/15/2011 | COMPLETE JURY LIST (SEALED) |
| 7/15/2011 | FIRST MAIN CHARGE OF THE COURT AND VERDICT OF THE COURT |
| 7/15/2011 | JURY NOTE #1 |
| 7/15/2011 | JUDGMENT & SENTENCE (50 YRS TDC) |
| 7/15/2011 | TRIAL COURT'S CERTIFICATION OF DEFT'S RIGHT OF APPEAL |
| 7/15/2011 | INFORMATION ON MILITARY SERVICE |
| 7/19/2011 | NOTICE OF APPEAL |
| 7/21/2011 | CLERK'S NOTICE OF APPEAL DOCKETING STATEMENT |
| 7/21/2011 | COMMITMENT ISSUED & DEL TO SHERIFF |
| 7/21/2011 | COPY OF CLERK'S DOCKETING INFO, NOTICE OF APPEAL & TRIAL COURT'S CERTIFICATION DEL TO 10TH COURT OF APPEALS |
| 7/21/2011 | COPY OF NOTICE OF APPEAL DEL TO DIRECTOR OF ADULT PROBATION |
| 7/22/2011 | FINANCIAL AFFIDAVIT- DEFT IS INDIGENT |
| 7/22/2011 | MOTION TO WITHDRAW AS COUNSEL & REQUEST FOR APPOINTMENT OF APPELLATE COUNSEL |
| 7/22/2011 | ORDER APPOINTING A.BENNETT AS APPELLATE COUNSEL |
| 7/22/2011 | MOTION IN LIMINE |
| 7/22/2011 | C\C OF J&S MAILED TO DEFT AT MC JAIL |
| 7/25/2011 | LTR FROM TENTH COURT TO ATTY / NOTICE OF APPEAL FILED |
| 8/02/2011 | REQ FOR PREPARATION OF REPORTERS RECORD |
| 8/11/2011 | MOTION FOR NEW TRIAL |
| 8/24/2011 | REPORTER'S RECORD - MASTER INDEX |
| 8/24/2011 | REPORTER'S RECORD - PRE TRIAL HEARING |
| 8/24/2011 | REPORTER'S RECORD - VOIR DIRE EXAMINATION |
| 8/24/2011 | REPORTER'S RECORD - GUILT/INNOCENCE |
| 8/24/2011 | REPORTER'S RECORD - GUILT/INNOCENCE |
| 8/24/2011 | REPORTER'S RECORD - GUILT/INNOCENCE |
| 8/24/2011 | REPORTER'S RECORD - PUNISHMENT |
| 8/24/2011 | REPORTER'S RECORD - MASTER EXHIBIT INDEX |
| 8/24/2011 | COPY OF LTR FROM COURT REPORTER TO TENTH COURT |
| 8/24/2011 | LTR FROM COURT REPORTER TO DISTRICT CLERK |
| 11/16/2011 | C/C OF J&S MAILED TO INMATE TRUST |
| 11/17/2011 | CLERK'S RECORD DEL TO TENTH COURT OF APPEALS |

CAUSE NO: 20090385C2    FILE DATE: 03/11/2009 STATE OF TEXAS VS BUCKNER,BOBBY JOE
OFFENSE: AGGRAVATED SEXUAL ASSAULT OF A CHILD                    DA: SMITH,STACI J

| Date | Entry |
|---|---|
| 11/23/2011 | LTR FROM TENTH COURT TO ATTY / CLERK'S RECORD FILED |
| 2/06/2012 | LETTER FROM DEFENDANT REQ C/OF TRIAL TRANSCRIPTS |
| 2/07/2012 | C/DOCKET SHEET & LTR FROM DEFT REQ C/TRIAL TRANSCRIPTS DEL TO 54TH FOR RULING |
| 2/08/2012 | ORDER DENYING REQ FOR TRANSCRIPTS |
| 2/08/2012 | C/OF ORDER DENYING MAILED TO DEFT |
| 2/09/2012 | REQ FOR $2,062.50 ATTY'S FEES FOR A.BENNETT DEL TO CO AUD |
| 2/24/2012 | CVR LTR FROM DEFT |
| 2/24/2012 | MOTION REQUESTING A FREE COPY OF TRIAL/APPELLATE TRANSCRIPTS,OR,IN THE ALTERNATIVE,TO REVIEW THE TRIAL/ APPELLATE TRANSCRIPTS ON A LOAN BASIS (PRO SE) |
| 2/24/2012 | C/OF CVR LTR,PRO SE MOTION & DOCKET SHEET DEL TO COURT |
| 3/16/2012 | MOTION REQUESTING FREE COPIES OF TRIAL/APPELLATE RECORDS,OR IN THE ALTERNATIVE,TO BORROW ON A LOAN BASIS (PRO SE) |
| 3/19/2012 | C/PRO SE MOTION & DOCKET SHEET SENT TO COURT FOR RULING |
| 3/22/2012 | ORDER DENYING REQUEST FOR TRANSCRIPTS |
| 3/23/2012 | C/ORDER DENYING MAILED TO DEFT |
| 3/29/2012 | ORDER DENYING MOTION REQUESTING FREE COPIES OF RECORDS |
| 3/30/2012 | C/ORDER DENYING MOTION REQUESTING FREE COPIES OF RECORDS MAILED TO DEFT |
| 7/12/2013 | TENTH COURT OF APEALS JUDGMENT AFFIRMING |
| 7/12/2013 | MEMORANDUM OPINION |
| 8/28/2013 | REQ FOR $211.74 ATTY'S FEES FOR A.BENNETT DEL TO CO AUD |
| 11/21/2013 | MANDATE (AFFIRMED) |
| 11/21/2013 | C/ MANDATE DEL TO DIRECTOR OF ADULT PROBATION |
| 11/21/2013 | C/C MANDATE MLD TO TDC |
| 1/24/2014 | LETTER FROM DEFT REQ COSTS OF COPIES |
| 1/27/2014 | C/LTR OF REPLY & ITEMIZED DOCKET SHEET MLD TO DEFT |
| 8/11/2014 | COVER LETTER FROM DEFT |
| 8/11/2014 | LTR FROM DEFT FOR POLICE REPORTS FROM WACO PD |
| 8/13/2014 | C/DOCKET SHEET, COVER LTR, & LTR FROM DEFT REQ WPD POLICE REPORTS DEL TO 54TH FOR RULING |
| 8/15/2014 | ORDER DENYING LTR FROM DEFT FOR POLICE REPORTS FROM WACO PD |
| 8/22/2014 | C/ORDER MAILED TO DEFT |
| 10/31/2014 | CMT & RTN SVD 10/19/11 |

THE STATE OF TEXAS

COUNTY OF McLENNAN

I, JON R. GIMBLE, Clerk, District Courts in and for McLennan County, Texas, do hereby certify that the above and foregoing are true and correct copies of the following instruments, to wit:

1. INDICTMENT

2. ARRAIGNMENT ORDER – NOT GUILTY

3. FIRST MAIN CHARGE OF THE COURT AND VERDICT OF THE JURY

4. JUDGMENT & SENTENCE

5. TRIAL COURT'S CERTIFICATION OF DEFENDANT'S RIGHT OF APPEAL

6. MEMORANDUM OPINION

7. MANDATE

8. DOCKET SHEET

in Cause Number 2009-385-C2 in the 54th Judicial District Court of Mclennan County, Texas styled:

**THE STATE OF TEXAS**

**Vs.**

**BOBBY JOE BUCKNER**

as same appeal from original instruments now on file in the office of which I have legal custody.

TO CERTIFY WHICH WITNESS MY HAND AND SEAL OF SAID COURT, at my office, in City of Waco, County of McLennan, Texas this the 30TH day of JANUARY, 2015.

JON R. GIMBLE Clerk,

District Courts, McLennan, County, Texas

(seal)

By _____ , Deputy.
CRYSTAL HOWARD

95